Michelle OLIVER, etc., et al.,
Plaintiffs-Appellees,

v.

MICHIGAN STATE BOARD OF
EDUCATION et al.,
Defendants-Appellants.

Michelle OLIVER, etc., et al.,
Plaintiffs-Appellees,

v.

KALAMAZOO BOARD OF EDUCA-
TION, Defendant-Appellant.

Nos. 74–1104, 74–1105.

United States Court of Appeals,
Sixth Circuit.

March 12, 1975.

Rehearing Denied June 18, 1975.

Frank J. Kelley, Atty. Gen. of Mich., Lansing, Mich., Robert A. Derengoski, Sol. Gen., Eugene Krasicky, George L. McCargar, Jr., Thomas F. Schimpf, Asst. Attys. Gen., for defendants-appellants.

Louis R. Lucas, Ratner, Sugarmon & Lucas, Memphis, Tenn., Nathaniel R. Jones, Gen. Counsel, NAACP, New York City, Philip L. Hummer, Richard A. Enslen, Kalamazoo, Mich., James A. White, Foster, Lindemer, Swift & Collins, Lansing, Mich., Arthur Staton, Jr., Ford, Kriekard, Staton & Allen, Kalamazoo, Mich., Michael H. Jackson, Denver, Colo., for plaintiffs-appellees.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

## ORDER ON MOTION TO TAX COSTS

Appellants, Michigan State Board of Education and John W. Porter, Acting Superintendent of Public Instruction (hereinafter referred to as SBE), and Kalamazoo Board of Education (KBE) have filed a motion in this Court under Rules 30(b) and 39(c) of the Federal Rules of Appellate Procedure, for an order taxing against the appellees the cost of printing that portion of the joint appendix which they unnecessarily designated and caused to be included therein.

The itemized and verified bill of costs for printing the appendix, as charged by the printer J. D. Reardon Company of Detroit, Michigan, in the amount of $110,434.41, is as follows:

| | |
|---|---|
| Paper | $ 1,919 |
| Typesetting—including labor, materials and proofing | 79,064 |
| Printing Plates—material and labor | 3,700 |
| Presswork | 10,480 |
| Bindery | 12,485 |
| Miscellaneous—including telephone, food for staff working through lunch and dinner hours, hotel accommodations for staff for short sleep intervals and small miscellaneous expenses | 1,468 |
| Joyce Expediting, North Central Airline and Sentas Air Charter Service | 1,318.41 |
| | $ 110,434.41 |

Appellants have questioned the reasonableness of the charge made by the printer. KBE advanced and paid to the printer $70,000, leaving a balance of $40,434.41 which is in litigation between the printer and KBE. SBE has reimbursed KBE for one-half of the amount paid, or $35,000.

Rule 30(b) of the Federal Rules of Appellate Procedure provides in part:

In designating parts of the record for inclusion in the appendix, the parties shall have regard for the fact that the entire record is always available to the court for reference and examination and shall not engage in unnecessary designation.

. . . The cost of producing the appendix shall be taxed as costs in the case, but if either party shall cause matters to be included in the appendix unnecessarily the court may impose the cost of producing such parts on the party.

Rule 39(c) provides:

The cost of printing or otherwise producing necessary copies of briefs, appendices, or copies of records authorized by Rule 30(f) shall be taxable in the court of appeals at rates not higher than those generally charged for such work in the area where the clerk's office is located. A party who desires such costs to be taxed shall state them in an itemized and verified bill of costs which he shall file with the clerk, with proof of service, within 14 days after the entry of judgment.

The itemized and verified bill of costs filed with the Clerk included the disputed bill of costs submitted by the printer, J. D. Reardon Company of Detroit, Michigan, which is not in the area where the Clerk's office is located in Cincinnati. The bill of the Detroit printer amounts to $21.85 per page, whereas the rate for printing briefs and appendices in Cincinnati ranges from $6.50 to $10. per page.

In *Sivertsen v. Guardian Life Ins. Co. of America,* 423 F.2d 443 (4th Cir. 1970), the Court held:

> The appellant has filed a motion under Appellate Rule 30(b) seeking to have imposed on Guardian a portion of the costs on appeal. Our review of the joint appendix leads us to conclude that Guardian has caused matters to be included in the joint appendix unnecessarily, and we therefore direct that $485.56 of the printing costs be paid by Guardian. (*Id.* at 446)

To put it mildly, we were astounded at the amount of the bill of costs submitted by the printer and at some of the items included therein. We would not approve any such bill. It exceeds the amount charged for such work in the Cincinnati area, and to the extent of the excess it must be disallowed.

We were also astonished at the size of the appendix which consists of sixteen volumes, a large portion of which in our opinion was unnecessary.

Appellants have submitted affidavits of Arthur Staton, Jr., counsel of record for KBE, and his secretary, Frances Smith, pointing out the unnecessary portions of the appendix. Briefs were filed by appellants and appellees in support of their contentions.

It was pointed out that the sixteen volumes of the appendix comprise 5054 pages. Four volumes, totaling 1309 pages, consist entirely of copies of exhibits, of which 1156 were designated solely by appellees. Two volumes, of 671 pages, relate to pleadings and stipulations which are not in dispute. The remaining ten volumes consisted of 3074 pages, of which 2662 pages were designated solely by appellees.

With reference to plaintiffs' designation of 1156 pages of exhibits, the fact is that in their brief plaintiffs cited only 32 exhibits totaling 241 pages, and did not refer in their brief to the remaining 915 pages of exhibits which they had designated to be included in the appendix.

With reference to 2662 pages which plaintiffs had designated in the non-exhibit volumes of the appendix, they cited in their briefs to a total of only 59 pages, and made no reference to the remaining material of 2603 pages.

The defendants in their briefs, however, cited 105 appendix pages included in appellees' sole designation, and 92 pages of non-exhibit material, which should be credited against the previous amounts charged to plaintiffs. The result is that 810 pages of exhibits and 2511 pages of non-exhibit material, which neither of the parties used, was included in the appendix because of the designations by the appellees.

Almost two volumes of the appendix, consisting of about 497 pages, was devoted to a transcript of a hearing on desegregation of the faculty. The District Court in its final order granting a permanent injunction, did not include faculty desegregation, and in fact, it denied all other claims asserted by plaintiffs, one of which included faculty desegregation. Plaintiffs did not appeal from the order. Appellants did not include faculty desegregation in their statement of issues and there was no basis for appellees to designate the complete transcript on that subject. None of the briefs of the parties dealt with faculty desegregation.

Other examples are: Plaintiffs designated the complete testimony of Robert J. Huyser, consisting of 319 pages; Robert L. Green, 167 pages; Karl E. Taeuber, 93 pages; and Marvin Tableman, 230 pages. Plaintiffs did not cite their testimony in their brief, or even make reference to the testimony of any of them. Plaintiffs also included the testimony of Dr. William D. Coats, totaling 259 pages, but in their brief referred to only 6 pages thereof.

Plaintiffs in their response have not satisfactorily explained their designation of large portions of the transcript and exhibits, which in our judgment were unnecessary. Nor have the plaintiffs pointed out that the defendants have not designated sufficient of the transcript to exhibit the errors of which they complain.

■ It behooves the lawyers representing the parties to an appeal to be careful not to designate portions of a transcript for printing which are not necessary to exhibit the claims which they are making. Otherwise their clients may be forced to pay large sums of money which they can ill afford to pay.

■ We determine from the evidence that 3311 pages of the appendix designated for printing by plaintiffs-appellees were unnecessary. The Clerk is therefore directed to tax costs therefor against the plaintiffs-appellees in the amount of $32,000.

### ORDER DENYING PETITION FOR REHEARING

No active Judge having requested that a vote be taken on the suggestion that the petition for rehearing of the Order assessing costs be heard en banc, the petition for rehearing was then considered by the panel.

While much has been stated by plaintiffs and *amicus curiae* on the excessive amount charged by the Detroit printer for printing the appendix, the fact is that we disallowed the excess and charged the plaintiffs only $9.66 per page, or a total of $32,000, for the parts of the appendix which they designated unnecessarily. This amount was within the range of charges by printers in the Cincinnati area where the office of the Clerk of this Court is located, and conforms to the express provisions of Rule 39(c) Fed.R.App.P.

As we stated in our previous order, the defendants have already paid the printer $70,000, and the printer has filed suit against them to collect an additional $40,434.41.

The excessive cost might have been averted if defendants had required an agreement as to the costs of printing before placing the order with the printer, but this would not have avoided the unnecessary designations by the plaintiffs.

The fact that the printer charged an excessive amount for the printing, which we have already disallowed, furnishes no justification for the plaintiffs to have designated for printing unnecessary parts of the record.

Rule 30(a) and (b) of the Fed.R.App.P. provides:

**(a) Duty of Appellant to Prepare and File; Content of Appendix; Time for Filing; Number of Copies.** The appellant shall prepare and file an appendix to the briefs which shall contain: (1) the relevant docket entries in the proceeding below; (2) any relevant portions of the pleadings, charge, findings or opinion; (3) the judgment, order or decision in question; and (4) any other parts of the record to which the parties wish to direct the particular attention of the court. The fact that parts of the record are not included in the appendix shall not prevent the parties or the court from relying on such parts.

Unless filing is to be deferred pursuant to the provisions of subdivision (c) of this rule, the appellant shall serve and file the appendix with his brief. Ten copies of the appendix shall be filed with the clerk, and one copy shall be served on counsel for each party separately represented, unless the court shall by rule or order direct the filing or service of a lesser number.

**(b) Determination of Contents of Appendix; Cost of Producing.** The parties are encouraged to agree as to the contents of the appendix. In the absence of agreement, the appellant shall, not later than 10 days after the date on which the record is filed, serve

on the appellee a designation of the parts of the record which he intends to include in the appendix and a statement of the issues which he intends to present for review. If the appellee deems it necessary to direct the particular attention of the court to parts of the record not designated by the appellant, he shall, within ten days after receipt of the designation, serve upon the appellant a designation of those parts. The appellant shall include in the appendix the parts thus designated. In designating parts of the record for inclusion in the appendix, the parties shall have regard for the fact that the entire record is always available to the court for reference and examination and shall not engage in unnecessary designation.

Unless the parties otherwise agree, the cost of producing the appendix shall initially be paid by the appellant, but if the appellant considers that parts of the record designated by the appellee for inclusion are unnecessary for the determination of the issues presented he may so advise the appellee and the appellee shall advance the cost of including such parts. The cost of producing the appendix shall be taxed as costs in the case, but if either party shall cause matters to be included in the appendix unnecessarily the court may impose the cost of producing such parts on the party.

■ It will be noted that the last sentence in the first paragraph of Rule 30(a) expressly provides that where parts of the record are not included in the appendix, the parties or the Court shall not be prevented from relying on such parts. In such case the parties may cite in their briefs the page numbers in the transcript of testimony or the exhibit numbers on which they rely.

The last sentence in the first paragraph of Rule 30(b) emphasizes that the parties shall have regard for the fact that the entire record is always available to the Court for reference and examination "and shall not engage in unnecessary designation."

The consequence of unnecessary designation is contained in the last sentence of Rule 30(b) which permits the Court to assess the costs of producing such unnecessary parts on the party.

■ Rule 30(b) is mandatory in requiring the appellant to include in the appendix the parts of the record designated by appellee.

■ We saw no need for sixteen volumes of appendix in this case, four volumes of which copied exhibits totaling 1156 pages, of which plaintiffs in their brief referred to only 241 pages. Two volumes of appendix, consisting of 497 pages designated by plaintiffs, referred to desegregation of faculty which was not even an issue on appeal, as the District Court made no order relating thereto and plaintiffs did not appeal. The issue therefore was moot.

Plaintiffs also designated for printing the entire testimony of four witnesses, and in their briefs they did not refer to the testimony of any of them. They also designated for printing the testimony of another witness whose testimony consisted of 259 pages, and in their brief they referred to only six pages.

■ It is suggested by *amicus curiae* that copying process could have been secured at ten cents per page. This was not suggested by counsel for plaintiffs when he sent his designations for inclusion of parts of the record in the appendix, at which time he knew that the appendix was to be printed. Furthermore, Rule 32 permits briefs and appendices to be produced by standard typographic printing and we cannot fault a litigant for using a method of reproducing which is authorized by the Rule.

In their petition for rehearing plaintiffs assert that defendants did not include in their designation sufficient parts of the record. Plaintiffs made no such assertion in their response to the motion to assess costs, and we commented in our Order that the plaintiffs were not making such a claim.

The *amicus curiae* brief suggests that this Court reprimand counsel on both

sides. We respectfully decline to do so as we feel they will have enough explaining to do to their respective clients. In our opinion there is no basis in law or equity for us to impose on the defendants the cost of printing portions of the appendix designated by the plaintiffs, which we have found to be wholly unnecessary.

The petition for rehearing is denied.