Michelle OLIVER et al., and the National Association for the Advancement of Colored People, Kalamazoo Branch, Plaintiffs-Appellees,

v.

**KALAMAZOO BOARD OF EDUCATION et al., Defendants,**

State Board of Education and John W. Porter, Superintendent of Public Instruction, Defendants-Appellants.

No. 77–1038.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1978.

Decided May 25, 1978.

Frank J. Kelley, Atty. Gen. of Mich., Robert A. Derengoski, Sol. Gen., Gerald F. Young, George L. McCargar, Jr., Asst. Attys. Gen., Lansing, Mich., for defendants-appellants.

Phillip L. Hummer, Kalamazoo, Mich., Richard A. Enslen, Howard & Howard, Kalamazoo, Mich., Nathaniel R. Jones, General Counsel, N.A.A.C.P., New York City, Louis R. Lucas, Ratner, Sugarmon, Lucas, Salky & Henderson, Memphis, Tenn., Armand Derfner, Epstein, McClain & Derfner, Charleston, S. C., for plaintiffs-appellees.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This is an appeal by the Michigan State Board of Education and Superintendent of Public Instruction from an order of the district court that they pay plaintiffs' attorneys' fees in the amount of $357,029.50 arising from the litigation required to desegregate the Kalamazoo, Michigan, public schools.[1] The $357,029.50 amount was calculated by subtracting $150,037.50, paid by the Kalamazoo Board of Education pursuant to a settlement, from $507,067, the total attorneys' fees due according to the district court's figuring. The $507,067 amount was calculated by multiplying the number of hours[2] spent by each of the plaintiffs' attorneys by the hourly rate found to be reasonable[3] for each respective attorney *and* by further multiplying the amounts so calculated by a factor of two for the four principal plaintiffs' attorneys.[4] Without using this multiplier for these four attorneys, the total would have been $283,925, rather than $507,067. The multiplier was used at plaintiffs' request as a bonus to compensate the attorneys for vindicating important but often unpopular constitutional rights. The district court analogized to antitrust cases in which successful plaintiffs' attorneys often recover their normal hourly rate multiplied by some factor. The district court also ordered appellants to pay $15,000 for the volunteer paralegal services of one of the plaintiffs in the law suit.

 We find that the district court abused its discretion in employing the multiplier to increase the attorneys' fees award. The applicable statute, 20 U.S.C. § 1617, only provides for the recovery of "a reasonable attorney's fee."[5] The use of the multiplier was without statutory authority. The antitrust cases relied upon by the district court are inapposite since there is usually a large monetary recovery in those cases. Plaintiffs here have cited no cases approving the use of a multiplier in school desegregation cases which seek injunctive relief. Attorneys' fees awards should be nigh enough to attract competent counsel yet not so high as to provide a windfall for attorneys to take into account overlapping services.

1. The history of the case can be found in the following cases, all entitled *Oliver v. Kalamazoo Board of Education*, 346 F.Supp. 766 (W.D. Mich.), *aff'd* 448 F.2d 635 (6th Cir. 1971); 368 F.Supp. 143 (W.D.Mich.1973), *aff'd* 508 F.2d 178 (6th Cir. 1974), *cert. den.* 421 U.S. 963, 95 S.Ct. 1950, 44 L.Ed.2d 449 (1975); 519 F.2d 619 (6th Cir. 1975).

2. The parties agreed that a total of 4001 hours was spent by all plaintiffs' attorneys. The district court discounted by 10% the number of hours submitted by the four principal plaintiffs'

3. The hourly rates ranged from $35 to $100, with the four principal plaintiffs' attorneys receiving $60 to $100 per hour.

4. The hourly rates, as multiplied, for four principal plaintiffs' attorneys ranged from $120 to $200.

5. The same language is found in 42 U.S.C. § 1988.

them. Multiplying the number of hours properly spent times a reasonable hourly rate is sufficient to serve this goal.

The district court also abused its discretion in ordering appellants to pay $15,000 for the volunteer paralegal services of one of the plaintiffs. Any amount awarded to her should come out of the overall attorneys' fees award.

We do not address the issue of what expenses may be recovered from appellants since that amount has not yet been finally determined by the district court.

We hold that plaintiffs may recover a total attorneys' fees award of $283,925. The school board's settlement payment of $150,037.50 should be subtracted, leaving a total liability for appellants of $133,887.50.

We have reviewed the other issues raised by appellants and find them to be without merit.

The judgment of the district court is reversed and the cause is remanded for further proceedings consistent with this opinion. Each party will pay its own costs on appeal.

WEICK, Circuit Judge, concurring.

The award of attorneys' fees to counsel for the plaintiffs, assessed against the State Board of Education and John W. Porter, Superintendent of Public Instruction (State), which award we have found to be excessive, results in an average of $126.73 per hour on a total involvement of 4001 hours spent by the attorneys.[1]

The attorneys for the plaintiffs would be compensated, if the award made by the District Judge is upheld, as follows:

| | | | | |
|---|---|---|---|---|
| Jones | 115 | hours at $180 per hour | $ 20,700. |
| Lucas | 894 | " 108 " | 96,552. |
| Hummer | 1454 | " 135 " | 196,290. |
| Enslen | 1396 | " 135 " | 188,527. |
| Weiner | 132 | " 35 " | 4,620. |
| Kemp | 9 | " 40 " | 360. |
| Geary | 0.5 | " 35 " | 17.50 |
| | | Total | $507,066.50 |

The District Court had approved settlement of compensation at a rate of $50 an hour to be paid by the primary wrongdoer, Kalamazoo Board of Education (KBE), to plaintiffs' attorneys, and later assessed hourly rates of $108, $135, and $180 against the State for the same type of services.[2] This is difficult to understand. The attorneys for KBE had billed, and were paid by KBE, for their services at the rate of only $40 an hour.

The Court was obviously aware of and stated that "this fee award will draw upon public funds at a time when financial resources are especially dear." (A. 132). But the Court took that fact into account only in determining the multiplier, as the Court undoubtedly would have increased the multiplier if public funds had not been involved.

Under the Court's order, plaintiffs' counsel would receive twice the fair and reasonable value of their services, all of which is payable out of public funds. These attorneys would also receive more than twice the amount which they have received from the settlement with KBE, which settlement was approved by order of the Court. In my opinion these awards are not only excessive, but are unconscionable as well.

It should be noted further that in the present case none of counsel for the plaintiffs who were awarded the large sums of money, related the number of hours spent

---

**1.** The award was assessed against the State in a case where, within only eight days after the filing of the suit, the District Court put into full force and effect, by a temporary restraining order, a Racial Balance Plan previously adopted by the Kalamazoo Board of Education (KBE) by a 4 to 3 vote, which Plan shortly thereafter was rescinded by the Board then composed of slightly different membership. The Court continued the temporary restraining order by entering a preliminary injunction to the same effect. Two years later the Court heard the case on its merits and made the preliminary injunction permanent. No relief was prayed for or granted against the State.

**2.** There was no evidence that the State participated in any way in the rescission of the Racial Balance Plan by KBE, which precipitated the filing of this suit; nor did the State participate in the temporary or preliminary injunction proceedings in the District Court, nor in the motion of plaintiffs for a protective order, nor in the proceedings of KBE seeking to disqualify the District Judge, for bias.

by him in the performance of specific services, such as time spent in office work, time spent in court, or time spent traveling.

In making the award the District Court dealt only with the total number of hours involved. The Court did not state the nature of the work performed during those hours, indicating only that it had observed plaintiffs' attorneys and knew about their input, as well as their staffs. I think that it is incumbent upon a court, when it is awarding large sums of the public's money for attorneys' fees, to make a detailed analysis of how the attorneys' time was spent. *E. g., Keyes v. School Dist. No. 1,* 439 F.Supp. 393 (D.Colo.1977). This analysis is necessary in order to provide a record in case appellate review becomes necessary.

Furthermore, I do not believe that attorneys should receive the same hourly rate, as was allowed here, for every type of service which they perform. Thus, for example, time spent traveling should not be compensated at the same hourly rate as time spent in court, or time spent in the office looking up law, or talking on the telephone.

Also, it is not understandable why the same services rendered by plaintiffs' counsel in the case should be compensated seventy-five percent by the State, and only twenty-five percent by KBE, which, as before stated, was the primary wrongdoer in the case. The Court's ruling as to assessing seventy-five percent against the State conflicted with a prior ruling which it made in a pretrial conference, conducted on July 7, 1975, where the Court stated:

THE COURT: My present evaluation of the State's position is this: I haven't—and I am simply saying it is a present evaluation. And I will tell you this, because if it—if you want to address yourself to it to see whether you can pursuade me otherwise, fine. That is exactly what I did all through this case. I stated propositions of law so you would know what I was thinking about. I was as honest with you as I possibly could be. And I want you to have an opportunity to challenge what I am thinking. My thinking is this, on the attorney fees: That an over-all—I was in on all of the trials and all of the proceedings. I have observed all of the attorneys and know what the input into this case was by the attorneys, their staffs. I saw it. I think that an approximate evaluation would be three-fourths for Kalamazoo and one-fourth, State.

\* \* \* \* \* \*

THE COURT: And I am giving you an opportunity now to again try by the propositions of law or facts to pursuade [sic] me to the contrary. And some Judges just wait until the end of the case, and then *sock it to you*, and some Judges are frank and put all of the cards on the table from the very beginning. [Emphasis added.] [A. 139–140]

Thus the Judge waited, as he stated some judges do, until the end of the case, to use his own words, and then "socked it to" the State by ordering it to pay 75% of the attorneys' fees, although he had ruled at the pretrial conference that only 25% would be assessed against the State.

In *Keyes v. School Dist. No. 1, supra,* the District Judge, in his Memorandum Opinion and Order dealing with the allowance of attorneys' fees, detailed in his footnote 26 the fees which other courts have allowed in civil rights litigation.[3]

---

**3.** 26. The following fees have been awarded in civil rights litigation:

$5.00/hour—*Spero v. Abbott Laboratories,* 396 F.Supp. 312 (N.D.Ill.1975).

$12.00/hour—*Brito v. Zia,* 478 F.2d 1200 (10th Cir. 1973).

$14.00/hour—*Peltier v. City of Fargo,* 533 F.2d 374 (8th Cir. 1976).

$22.10/hour—*Davis v. Board of School Comm'rs.,* 526 F.2d 865 (5th Cir. 1976).

$20.00/hour for office work, $30.00/hour for court work—*Wiatt [sic] v. Stickeny [sic],* 344 F.Supp. 387 (M.D.Ala.1972); *Thompson v. School Board,* 363 F.Supp. 458 (E.D. Va.1973), *aff'd,* 498 F.2d 195 (4th Cir. 1974).

$20.00/hour for office work, $40.00/hour for court work—*Latham v. Chandler,* 406 F.Supp. 745 (N.D.Miss.1976).

The Criminal Justice Act, 18 U.S.C. § 3006A(d) authorizes compensation to attorneys who represent indigent defendants in the amount of $30 per hour for services in court, and $20 an hour for services out of court. As pointed out in *Keyes v. School Dist. No. 1, supra,* some federal courts have taken into account the compensation provided for under the Criminal Justice Act.

The amount expended by KBE for its attorneys' fees and out-of-pocket expenses was $184,222.26. KBE also paid $35,000 in appendix printing costs. (Affidavit of Arthur Staton, Jr., A. at 55a–56a). Thus, if the fees and expenses allowed by the District Court are upheld, and taking into account the attorneys' fees and expenses paid by KBE to its attorneys, the total would exceed three-quarters of a million dollars!

All of these costs and expenses were incurred in a small school desegregation case involving about 17,000 school children. In addition, the taxpayers of the city and the state will be required to pay the costs and expenses of implementing the Racial Balance Plan put into effect by the District Court, which costs and expenses may be considerable.

The costs and expenses assessed against KBE are paid by taxing the property owners of the city. The costs and expenses assessed against the State are paid by the taxpayers of the state, with the result that state taxpayers who do not live in Kalamazoo are being taxed for the implementation of the Racial Balance Plan in effect in the public schools of Kalamazoo.

It is of course unfortunate that the large sums of money expended and which may be expended in the future, could not be used for improvement of the education of the children.

---

$30.00/hour average, $50.00/hour for appeal to United States Supreme Court—*Norwood v. Harrison,* 410 F.Supp. 133 (N.D.Miss.1976).

$50.00/hour—*Stanford Daily v. Zurcher,* 64 F.R.D. 680 (N.D.Calif.1974); *Wallace v. House,* 377 F.Supp. 1102 (W.D.La.1974).

$50.00 to $70.00 per hour, depending upon experience—*Torres v. Sachs,* 69 F.R.D. 343 (S.D.N.Y.1975), *aff'd,* 538 F.2d 10 (2d Cir. 1976).

$64.80/hour—*Swann v. Charlotte-Mecklenburg Bd. of Educ.,* 66 F.R.D. 483 (W.D.N.C. 1975).

$65.00/hour—*Davis v. County of Los Angeles,* 8 E.P.D. ¶ 9444 (C.D.Calif.1974).

In another case, the trial court arrived at an hourly figure and then increased it by some multiplier or premium. *Oliver v. Kalamazoo Bd. of Educ.,* 73 F.R.D. 30 (W.D.Mich.1976) (hourly rate multiplied by a factor of 2, resulting in an average award of $126/hour).