572 F.Supp. 92 (1983)
ROSEBROUGH MONUMENT COMPANY, Plaintiff,
v.
MEMORIAL PARK CEMETERY ASSOCIATION, et al., Defendants.
No. 77-883C(D).
United States District Court, E.D. Missouri, E.D.
September 6, 1983.
*93 Bernard J. Mellman, James L. Zemelman, Charles Alan Seigel, St. Louis, Mo., for plaintiff.
Robert S. Allen, Anthony M. Gioia, W. Donald Dubail, Ward Fickie, William Human, H. Kent Munson, Veryl Riddle, John J. Hennelly, Dennis E. O'Connell, St. Louis, Mo., for defendants.

*94 MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court upon plaintiff's amended bill of costs and defendants' objections thereto. Also before the Court is plaintiff's request for attorney's fees pursuant to 15 U.S.C. § 15 (1976).

I. Bill of Costs

Defendant first objects to the inclusion in plaintiff's bill of costs of fees paid to Harlan Brown and Mr. Atwood, since they did not testify at the trial; and to Carroll Shelton, plaintiff's expert witness, since the Court did not permit damages to be proven. For reasons set forth by this Court in its Memorandum dated February 27, 1981, the Court will not permit fees for those witnesses who did not appear in court or attend the trial. However, the mere fact that the Court did not permit proof of damages is not a proper ground to deny fees to those witnesses actually called pursuant to plaintiff's good faith prosecution of the case. Hence, fees for Mr. Shelton will be permitted.
Defendants next object to Eight Hundred Eighty Nine Dollars and Eighty Eight Cents ($889.88) claimed by plaintiff for exemplification and copies of papers. In view of the length, scope and complexity of this case, the Court cannot say that this sum is not within reason and hence will permit the full amount.
Defendants also object to plaintiff's costs for copies of depositions taken by the defendants. Generally, the costs of obtaining copies of depositions is not taxable as a cost since the depositions are on file and available to all parties. Esler v. Safeway Stores, Inc., 77 F.R.D. 479, 482-83 (W.D.Mo.1978). In this case, plaintiff has made no showing that the copies were obtained for any purpose other than for convenience of the parties. Hence, the Court will not permit plaintiff to recover the costs of those copies.
The defendants' next objection centers on costs related to plaintiff's appeal. Plaintiff, however, has deleted the items in question from the amended bill of costs.
Defendants' final objection pertains to a sum of One Hundred Sixty One Dollars and Ninety Seven Cents ($161.97) for unidentified exhibits and One Hundred Seventy Dollars ($170.00) for photos. For reasons set forth in its Memorandum of February 27, 1981, the Court will permit these items to be taxed as costs.
In view of the above considerations, the Court will permit costs to be assessed in accordance with plaintiff's amended bill of costs (a total of Five Thousand Three Hundred Fifty Three Dollars and Forty Six Cents ($5,353.46), reduced by Seventy Dollars ($70.00) for witness fees for Harlan Brown and Mr. Atwood, and further reduced by Three Hundred Ninety Nine Dollars and Fifty Five ($399.55) for depositions taken by the defendants. Thus, the total award shall be Four Thousand Eight Hundred Eighty Three Dollars and Ninety One Cents ($4,883.91).

II. Attorney's Fees

The issue of attorney's fees was previously briefed by all parties. In a Memorandum dated March 18, 1983, this Court deferred its ruling pending the Supreme Court's decision in Eckerhart v. Hensley, No. 75-CV-87-C (W.D.Mo. January 23, 1981), aff'd 664 F.2d 294 (8th Cir.1981), cert. granted 455 U.S. 988, 102 S.Ct. 1610, 71 L.Ed.2d 847 (1982). That decision was subsequently rendered, Hensley v. Eckerhart, ___ U.S. ___, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).
The Court recognizes at the outset that Eckerhart was a civil rights case, unlike the present antitrust case. However, the Court did not limit its holding or its discussion to civil rights litigation, and in view of the common characteristics of large, complex cases presenting numerous issues and susceptible to partial success, the Court finds Eckerhart applicable to the present case.
The portion of the Eckerhart holding applicable to the present case is that, in awarding attorney's fees to a prevailing party who has achieved only partial success:
... the district court should focus on the significance of the overall relief obtained *95 by the plaintiff in relation to the hours reasonably expended on the litigation.
___ U.S. at ___, 103 S.Ct. at 1940. The Court emphasized repeatedly that the degree of success obtained is the critical factor.
Plaintiff argues that a full assessment of attorney's fees is appropriate because it prevailed on all counts, notwithstanding that only One Dollar ($1.00) was awarded and then trebled for a total recovery of Three Dollars ($3.00). Plaintiff maintains that the injunctive relief awarded, combined with the nominal damages, constituted substantial success and justifies a full award of fees.
The Court does not find plaintiff's view to be consistent with its reading of Eckerhart. The mere fact that plaintiff obtained judgment on one or more counts does not necessarily establish the "degree of success" but rather goes to determining whether plaintiff was a prevailing party, and hence entitled to fees at all. As the Court noted:
That the plaintiff is a "prevailing party" therefore may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved.
Id. Thus, in evaluating the appropriate amount of fees, the Court looks more broadly to the "significance of the overall relief." This evaluation must necessarily include a consideration of the amount of damages recovered compared to the amount sought, as well as all other relief (including injunctive relief) that collectively measures the fruits of plaintiff's efforts.
There is no question that the injunctive relief sought was a substantial objective and that the relief obtained was virtually complete. By contrast, plaintiff recovered insignificant damages, through trial and appeal, after expending enormous efforts to prove its claim of well over three million dollars. Accordingly, the Court will award as attorney's fees that amount which is reasonable in relation to plaintiff's success on the issue of injunctive relief, and its failure on the issue of damages. The Court finds that amount to be Fifty One Thousand Two Hundred Ninety Three Dollars and Ninety Five Cents ($51,293.95).
Defendant Memorial Park Cemetery Association argues that any award of attorney's fees should be apportioned equally among the eleven (11) defendants. Inasmuch as the final injunctive relief was directed toward the defendants collectively, and no apportionment of liability was made as a result of the litigation, there appears to be no basis for apportioning the fees among the defendants on a percentage basis. Accordingly, attorney's fees will be taxed to all named defendants jointly and severally.