**ARTHUR S. LANGENDERFER, INC., et al., Plaintiffs,**

v.

**S.E. JOHNSON COMPANY, et al., Defendants.**

No. C 76–425.

United States District Court, N.D. Ohio, W.D.

Jan. 11, 1988.

James Porter, Cleveland, Ohio, for plaintiffs.

Neal Rains, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

JOHN W. POTTER, District Judge.

This matter is before the Court on plaintiffs' application and supplemental application for award of attorney's fees and costs. Both parties have thoroughly briefed the issues presented by plaintiffs' application and supplemental application. On June 2, 1987, this Court heard oral argument on these issues.

Plaintiffs seek an award of attorney's fees and costs totalling $2,944,727.66. This amount includes a request attorney's fees of $2,539,125.62 for time spent by plaintiffs' attorneys for discovery, trial, appeal and retrial of the case from 1976 through April 30, 1987, and $405,602.04 for costs of suit for the same time period.

Because of the extensive nature of this litigation, it is necessary to briefly outline the procedural history of this case. The original action (Langenderfer I) was commenced on August 26, 1976 by plaintiffs A.S. Langenderfer, Inc. and Northern Ohio Asphalt Paving, Inc. to recover treble damages and injunctive relief against defendants for monopolization of asphalt paving in Northwestern Ohio in violation of the antitrust laws. Langenderfer I was tried to a jury in March, 1980. The jury unanimously found for plaintiffs and against defendants and returned a general verdict for $982,117.00. After denying defendants' motions for judgment notwithstanding the verdict or a new trial, the Court entered a treble judgment of $2,946,351.00 plus attorney's fees of $344,544.57 and costs of $18,-559.90. Defendants filed a timely appeal.

On March 15, 1984, the Sixth Circuit vacated the judgment and remanded the case for retrial. *Arthur S. Langenderfer, Inc. v. S.E. Johnson Co.*, 729 F.2d 1050 (6th Cir.) *cert. denied*, 469 U.S. 1036, 105 S.Ct. 510, 83 L.Ed.2d 401 (1984). In vacating the judgment, the Sixth Circuit recognized that "the evidence presented at trial clearly focused on the claim of predatory pricing." *Id.* at 1055 (footnote omitted). However, since the evidence did not establish that defendants had charged prices below their total cost for the product sold, "the trial court erred by failing to grant a directed verdict in favor of defendants on the issue of predatory pricing." *Id.* On November 26, 1984, the Supreme Court denied certiorari.[1]

While the appellate decision was pending in Langenderfer I, the original plaintiffs joined by MacRitchie Materials, Inc., M & B Asphalt, Inc. and G.M. Sader Excavating and Paving, Inc. filed a second case (Langenderfer II) on December 23, 1983. Langenderfer II alleged that defendants had engaged in the same monopolistic and antitrust conduct as alleged in Langenderfer I. On November 6, 1985, this Court ordered the cases consolidated for jury trial. The Court set August, 1986 for trial.

Following a six week trial, a unanimous jury, after answering special interrogatories, returned a verdict in favor of all plaintiffs and against defendants. On October 2, 1986, this Court entered a total treble judgment of $7,425,000.00. On April 30, 1987, the Court denied defendants' motions for judgment notwithstanding the verdict or a new trial. Thereafter, on August 13, 1987, this Court entered an injunction against defendants.

In accordance with Section 4 of the Clayton Act, 15 U.S.C. § 15, plaintiffs seek an award of attorney's fees. The statute provides in part that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws ... shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." 15 U.S.C. § 15(a) (Supp.1987). Therefore, this statute in connection with the other fee-shifting statutes entitles a prevailing litigant to the recovery of its reasonable attorney's fees. However, the Supreme Court has cautioned that:

> [t]hese statutes were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client. Instead, the aim of such statute was to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws.

*Pennsylvania v. Delaware Valley Citizens Council For Clean Air*, 478 U.S. 546, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

*Northcross v. Board of Education of the Memphis City Schools*, 611 F.2d 624 (6th Cir.1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980), is the controlling authority for awards of attorney's fees in the Sixth Circuit. Although the court in *Northcross* was construing 42 U.S.C. § 1988 of the Civil Rights Attorney's Fees Award Act of 1976, the Sixth Circuit recognized the legislative history as intending that "[t]he amount of fees is to be governed 'by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases.'" *Id.* at 633 (quoting S.Rep. No. 1011, 94th Cong., 2d Sess. 6 *reprinted in* 1976 U.S. Code Cong. & Admin. News 5908, 5913). Therefore, *Northcross* does provide guidance for the award of attorney's fees in antitrust litigation.

In *Northcross*, the Sixth Circuit utilized the lodestar approach for calculating reasonable attorney's fees. Thereafter, the Supreme Court endorsed this method in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The Court held that "the most useful starting

---

**1.** It appears that both parties petition for certiorari and that the Supreme Court denied both petitions. See *S.E. Johnson Co. v. Arthur S. Langenderfer, Inc.*, 469 U.S. 1036, 105 S.Ct. 510, 83 L.Ed.2d 401 (1984) and *Arthur S. Langenderfer, Inc. v. S.E. Johnson Co.*, 469 U.S. 1036, 105 S.Ct. 511, 83 L.Ed.2d 401 (1984).

point for determining the amount of a reasonable fee is the number of hours *reasonably* expended on the litigation multiplied by a *reasonable* hourly rate.... The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed." *Id.* at 433, 103 S.Ct. at 1939 (emphasis added).

In determining the number of hours reasonably expended on this litigation, the Court must address plaintiffs' request to include the time spent on the first trial, appeal and petition for certiorari in Langenderfer I. Plaintiffs rely on *Hasbrouck v. Texaco, Inc.*, 631 F.Supp. 258 (E.D.Wash. 1986), *aff'd*, 830 F.2d 1513 (9th Cir.1987), as authority for the award of attorney's fees in Langenderfer I's first trial, appeal and petition for certiorari. However, *Hasbrouck* is factually distinguishable from the present proceeding. In *Hasbrouck*, although plaintiffs' jury verdict was reversed when the trial court granted judgment n.o.v., plaintiffs were successful at the appellate level and at the subsequent retrial.

The Sixth Circuit expressly considered Langenderfer I as clearly focusing on the claim of predatory pricing. *Langenderfer*, 729 F.2d at 1055. The Supreme Court has held that "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of reasonable fees." *Hensley*, 461 U.S. at 446, 103 S.Ct. at 1946. Therefore, the original award of attorney's fees in the amount of $344,544.57 will not be reinstated. Furthermore, plaintiffs claim a total of 1508.5 hours for services rendered between June 1, 1980 and June 30, 1985.[2] An examination of plaintiffs' Exhibits 3A, 3B and 3C reveal 1275.25 hours spent on matters

related to plaintiffs' unsuccessful appeal or petition for certiorari. Therefore, for the period between June 1, 1980 and June 30, 1986 plaintiffs will be compensated only for 233.25 hours.[3]

During the period of July 1, 1985 through April 30, 1987, plaintiffs seek compensation for 8,502.25 hours.[4] During this period approximately forty partners, associates, summer associates and paralegals worked on this case. This Court determines that this is "too many hours of too many attorneys." *In Re Fine Paper Antitrust Litigation*, 751 F.2d 562, 598 (3rd Cir.1984). Plaintiffs' counsel has an obligation to exercise "billing judgment," thereby excluding "from a fee request hours that are excessive, redundant, or otherwise unnecessary ..." *Hensely*, 461 U.S. at 434, 103 S.Ct. at 1939–40. However, plaintiffs' counsel has not fulfilled this obligation.

The Sixth Circuit has "approved the arbitrary but essentially fair approach of simply deducting a small percentage of the total hours to eliminate duplication of services." *Northcross*, 611 F.2d at 636–37 (citing *Oliver v. Kalamazoo Board of Education*, 576 F.2d 714 (6th Cir.1978)). In *Northcross*, the court reduced the total fees by 5% because of the limited number of attorneys involved in the case. However, the use of approximately forty attorneys and support staff requires a deduction of 10%. See *Oliver v. Kalamazoo Board of Education*, 576 F.2d 714 (6th Cir.1978); *Akron Center for Reproductive Health v. City of Akron*, 604 F.Supp. 1275, 1286–87 (N.D.Ohio 1985) (5% reduction for use of four lawyers at trial level). The Court realizes that plaintiffs' counsel allegedly spent approximately 1000 hours in preparation of post-trial materials. Although the

---

**2.** The total hours of 1508.5 represents 900.5 partner hours, 569.00 associate hours, and 39.00 paralegal hours.

**3.** The total hours of 233.25 represent 208.75 partner hours and 24.5 associate hours.

**4.** This figure reflects a 2.00 hour adjustment from the hours claimed in plaintiffs' supplemental application. Between October 3, 1986 and April 30, 1987 plaintiffs claimed 1015.50 hours

were spent on matters related to this litigation. However, this computation is incorrect, and the correct number of hours is 1013.50. Plaintiffs contend that Carol Wisniewski worked 57.25 on this litigation. However, the time sheets only reflect 55.75 hours work. Furthermore, the addition of the total hours is incorrect. Therefore, the Court is subtracting .50 hours to correct this mathematical error.

Court recognizes that the Sixth Circuit has upheld reductions of 25% and 50%, this Court determines that a reduction of 10% for post-trial hours is adequate. Therefore, the total hours of 8735.50 will be reduced by 10%.

■ Once the total hours expended is calculated, the Court must establish a reasonable hourly rate. Plaintiffs have requested that their historical hourly rates be used in the calculation of attorney's fees. Plaintiffs have submitted affidavits from Leslie W. Jacobs, a partner with Thompson, Hine and Flory of Cleveland, and H. Stephen Madsen, a partner with Baker & Hostetler of Cleveland. These affidavits state that the historical rates of $120 and $220 per hour for partners, $51 to $130 per hour for associates, $37 to $70 per hour for paralegals, and $47 to $51 per hours for summer clerks represents a reasonable hourly rate for services rendered. However, plaintiffs seek to have these rates enhanced by 120%. According to plaintiffs, the 120% enhancement is required because plaintiffs' attorneys' law firm instituted a policy of charging a premium rate for complex litigation. Therefore, the rate charged is 120% of the normal hourly rates charged by the firm. Plaintiffs have not submitted any evidence that this 120% enhancement is reasonable. Therefore, in the exercise of this Court's discretion, plaintiffs' hourly rate will not be enhanced by 120%.

Although plaintiffs' affidavits suggest that the historical hourly rates should be used, this Court determines and defendants agree that current billing rates are more appropriate. "Using current market rates to calculate the lodestar may counterbalance the delay in payment as well as simplify the task of the district court." *Daly v. Hill*, 790 F.2d 1071, 1081 (4th Cir.1986) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983). By compensating the attorney at current rates, not historic rates, the Court takes into account the effect of inflation, foregone interest and delay in payment. *Daly*, 790 F.2d at 1081. Therefore, plaintiffs' reasonable hourly rate will be the current hourly rate.

Although plaintiffs seek an hourly rate based on the hourly rates for Cleveland attorneys, this Court must adhere to the law of the Supreme Court and Sixth Circuit, and calculate a reasonable hourly rate "according to the prevailing market rates in the relevant community." *Akron Center*, 604 F.Supp. at 1280. In *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), the Court held that " 'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community." *Id.* at 895, 104 S.Ct. at 1547; see also *Northcross*, 611 F.2d at 368.

Relying upon the opinion of Attorney Zraik, plaintiffs' original local counsel, plaintiffs contend that each of the five Toledo firms which could have handled the case had a conflict problem. However, plaintiffs present no evidence that any of these firms were contacted or approached regarding the possible representation of plaintiffs in this proceeding. The Court determines that plaintiffs have not shown that they were "unable through diligent, good faith efforts to retain local counsel." *Donaldson v. O'Connor*, 454 F.Supp. 311, 315 (N.D.Fla.1978). Therefore, the relevant community for the calculation of a prevailing hourly rate is Toledo.

The only evidence offered on reasonable rates in Toledo is set forth in the affidavits of Messrs. Mattimoe and Jamra. These affidavits establish a maximum hourly rate of $135.00 for senior partners in complex litigation. The maximum rates for associates and paralegals are $75.00 per hour and $40.00 per hour respectively.[5] The Court is cognizant of the need to vary the hourly rate awarded depending upon the type of service being provided. *Northcross*, 611 F.2d at 638. However, plaintiffs have not

---

5. The Court has considered defendants' argument regarding a reduction in the hourly rate for travel time between Toledo and Cleveland. The Court has also reviewed the authority cited by defendants. *Oliver v. Kalamazoo Board of Education*, 576 F.2d 714, 717 (6th Cir.1978) (Weick, J., concurring); *Anderson v. Redman*, 474 F.Supp. 511, 524 (D.Del.1979). However, this Court finds defendants' argument unpersuasive.

specifically requested different rates for office and trial services. Therefore, the Court will not set different rates for these services. The Court will compensate plaintiffs differently for partners, associates and paralegals.

 Plaintiffs also seek a 35% enhancement of the total amount of attorney's fees. Plaintiffs contend that this 35% enhancement is appropriate because of the delay in payment and the contingent nature of the fee arrangement. Since the Court has used current billing rates, the amount has already been adjusted for the delay in payment. Furthermore, this Court recognizes that the lodestar generally should not be enhanced except in unusual circumstances. *Blum v. Stenson,* 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). In *Pennsylvania v. Delaware Valley Citizens Council for Clean Air,* — U.S. ——, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), Justice White, writing a plurality opinion "conclude[d] that multipliers or other enhancement of a reasonable lodestar fee to compensate for assuring the risk of loss is impermissible under the usual fee-shift statutes." *Id.* 107 S.Ct. at 3087. However, as plaintiffs correctly state, five justices concluded that enhancement above the lodestar for the risk of contingency may be appropriate in exceptional fee cases. *Id.* at 3102.

In the exercise of its discretion, this Court determines that an enhancement of the lodestar in this case is not appropriate. The Court has compensated plaintiffs' counsel for delay in payment by using current billing rates. Also, because the reasonable hourly rate was at the maximum rate for attorneys in the relevant market, the Court has compensated plaintiffs for the complexity of the case and counsel's expertise. Furthermore, this Court does not equate this case to the category of exceptional cases discussed by the Supreme Court in *Delaware Valley.* Therefore, plaintiffs' request to enhance the total award of attorney's fees is not well taken.

Therefore, this Court determines that plaintiffs should be awarded attorney's fees of $765,922.75.

Partners
| | |
|---|---|
| Hours | 4,415.75 |
| 10% reduction | − 441.58 |
| Partners reasonable hours | 3,974.17 |
| Partners hourly rate | × 135.00 |
| Partners attorney's fees | $536,512.95 |

Associates
| | |
|---|---|
| Hours | 2,346.00 |
| 10% reduction | − 234.60 |
| Associates reasonable hours | 2,111.40 |
| Associates hourly rate | × 75.00 |
| Associates attorney's fees | $158,355.00 |

Paralegals/Summer Associates
| | |
|---|---|
| Hours | 1,973.75 |
| 10% reduction | − 197.38 |
| Paralegals/summer associates reasonable hours | 1,776.37 |
| Paralegals/summer associates hourly rate | × 40.00 |
| Paralegals/summer associates fees | $71,054.80 |

Pursuant to 15 U.S.C. § 15 and 28 U.S.C. § 1920, plaintiffs have applied for their other costs and expenses of suit. Plaintiffs seek the amount of $18,559.90 for costs awarded in Langenderfer I. Plaintiffs also seek $376,312.39 for costs incurred between May 31, 1980 and October 2, 1986. Further, plaintiffs' supplemental application for costs seek reimbursement from defendants in the amount of $10,729.75 for costs incurred between October 3, 1987 and April 30, 1987. The total amount of costs sought by plaintiffs is $405,602.04.

Chapter 28 U.S.C. § 1920 provides:

**§ 1920. Taxation of costs**

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920 (1966 & Supp.1987).

The costs recoverable under Section 4 of the Clayton Act are limited to those costs recoverable under Fed.R.Civ.P. 54(b) and 28 U.S.C. § 1920. *Ott v. Speedwriting Publishing Co.*, 518 F.2d 1143, 1149 (6th Cir.1975); see also *Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 865–66 (7th Cir.1981). Therefore, 28 U.S.C. § 1920 enumerates the fees that may be taxed as costs, and Fed.R.Civ.P. 54(d) provides that costs shall be taxed against the losing party unless the court directs otherwise. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, —— U.S. ——, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987). However, once the expense is deemed allowable, this Court must determine whether "the cost was reasonably necessary to the conduct of the litigation and that the amount of the cost is reasonable...." *Sangamo Construction*, 657 F.2d at 864. Therefore, "[i]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964).

Plaintiffs request reinstatement of the amount of cost award in Langenderfer I. For the same reasons stated for denying plaintiffs' request to reinstate the award of attorney's fees for Langenderfer I, this Court will not reinstate the costs awarded in Langenderfer I in the amount of $18,599.90.

■ The first category of cost request by plaintiffs is telephone charges in the amount of $2,366.87.[6] The Court determines, and defendants do not object, that these costs are recoverable. *Northcross*, 611 F.2d at 639. Further, the Court determines, without objection from defendants, that plaintiffs are entitled to court costs in the amount of $1,092.80. Defendants also do not object to the award of $828.50 for trial transcripts. Therefore, pursuant to 28 U.S.C. § 1920(2), the Court will award plaintiffs these costs.

■ Plaintiffs request the sum of $1,775.15 for postage and supplies. The court in Langenderfer I concluded that these costs were not recoverable. *Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d 190, 224 (9th Cir.), *cert. denied* 379 U.S. 880, 85 S.Ct. 143, 13 L.Ed.2d 87 (1964). Although some courts have allowed costs for postage charges and supplies, this Court will not allow such expenses, especially since plaintiffs have not specified that portion of the costs representing the cost of supplies or the nature of the supplies, some of which should be absorbed as part of the attorney's overhead. See *Daly v. Hill*, 790 F.2d 1071, 1083 (4th Cir.1986). Therefore, this Court determines that these costs are not adequately documented and are not reasonable.

■ Plaintiffs also seek reimbursement for use of word processing, Lexis and Westlaw in the amount of $19,653.13. This Court is aware that some courts have reimbursed a prevailing party for computer assisted legal research. *Fressell v. AT & T Technologies, Inc.*, 103 F.R.D. 111, 114 (N.D.Ga.1984); *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 723 (N.D.Ill.1982); *Pitchford Scientific Instru-*

---

**6.** The telephone charges, as well as the remaining cost requested, will be the total amount of costs requested. Therefore, these figures will represent the combined total of plaintiffs' application and supplemental application.

*ments Corp. v. Pepi, Inc.,* 440 F.Supp. 1175, 1178 (W.D.Pa.1977), *aff'd,* 582 F.2d 1275 (3rd Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 242 (1979). However, this Court is also aware of persuasive authority disallowing computer assisted legal research as a recoverable cost. *Berkey Photo v. Eastman Kodak Company,* 603 F.2d 263, 309 n. 75 (2d Cir.1979), *cert. denied* 444 U.S. 1093, 100 S.Ct. 1061, 62 L.Ed.2d 783 (1980); *Litton Systems, Inc. v. American Telephone & Telegraph Co.,* 613 F.Supp. 824, 836 (S.D.N.Y.1985); *Wolfe v. Wolfe,* 570 F.Supp. 826, 828 (D.S.C.1983); *Babb v. Sun Co., Inc.,* 562 F.Supp. 491, 495 (D.Minn.1983); *Dick v. Watonwan County,* 562 F.Supp. 1083, 1110 (D.Minn.1983) *rev'd on other grounds,* 738 F.2d 939 (8th Cir.1984); *Guinasso v. Pacific First Federal Savings & Loan Ass'n,* 100 F.R.D. 264, 265 (D.Or.1983). Furthermore, the Court is reluctant to award as costs, expenses incurred for the use of word processing. See *Litton,* 613 F.Supp. at 836. This type of expense should normally be absorbed as overhead and not charged to defendants under 28 U.S.C. § 1920. Also, plaintiffs have not adequately documented separately those expenses incurred for the word processing and computer legal assistance. *Northcross,* 611 F.2d at 637. Therefore, the Court does not deem these costs recoverable.

 Plaintiffs seek compensation for photocopying in the amount of $60,772.14. Under *Northcross,* plaintiffs are entitled to recover for photocopying. *Northcross,* 611 F.2d at 639. However, the expense for photocopying must be reasonable. *Illinois v. Sangamo Construction Co.,* 657 F.2d 855, 867 (7th Cir.1981); *Rosebrough Monument Co. v. Memorial Park Cemetery Ass'n,* 572 F.Supp. 92, 94 (E.D.Mo.1983) *aff'd in part and rev'd in part on other grounds* 736 F.2d 441 (8th Cir.1984). Therefore, the costs of photocopying are recoverable to the extent such costs "were used as court exhibits or were furnished to the Court or the opposing counsel." *Beech Cinema, Inc. v. Twentieth Century Fox*

*Film Corp.,* 480 F.Supp. 1195, 1198 (S.D.N.Y.1979), *aff'd,* 622 F.2d 1106 (2d Cir.1980). Plaintiffs contend that 22,888 pages of documents were copied and produced to opposing counsel and an additional $11,010.60 in photocopying was incurred for court ordered exhibits. Therefore, the Court will allow $14,443.80 for photocopying.[7]

 Plaintiffs request $8,267.80 for taking of depositions and for the purchase of deposition transcripts. As the Court determined in Langenderfer I, plaintiffs bear the burden of establishing that the depositions were "necessarily obtained for use in the case" under 28 U.S.C. § 1920(2). Absent a showing that these depositions were reasonably necessary to the case even though the depositions were not used as evidence at trial, plaintiffs are not entitled to these expenses. *Sangamo Construction,* 657 F.2d at 867. Also, part of the cost requested by plaintiffs represents copies of depositions. "Generally, the cost of obtaining copies of depositions is not taxable as a cost." *Rosebrough,* 572 F.Supp. at 94. Plaintiffs contend that since defendants spent 76 hours deposing plaintiffs' witnesses, plaintiffs should be entitled to their own depositions cost. While this argument does have some merit in regard to the necessity of these depositions, this argument misses the point. Plaintiffs are required to establish which depositions were reasonably necessary to this case. However, plaintiffs' conclusory statement that all the depositions were necessary does not establish that the depositions were necessary. Therefore, in the exercise of this Court's discretion the expense for depositions will not be awarded as a reasonable, necessary expense of this litigation.

 Plaintiffs request an award of $239,829.94 for the services of expert witnesses. The Supreme Court has recently decided that, pursuant to 28 U.S.C. § 1821, a prevailing party is entitled to expert witness fees of $30.00 per day. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* —— U.S.

7. This figure allows the $11,010.60 for court ordered exhibits and the 22,888 pages of documents at $.15 a page.

——, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987). However, under 28 U.S.C. § 1821, an expert witness is entitled to actual travel expenses if travel is by common carrier of the most economical rate reasonably available, 28 U.S.C. § 1821(c)(1), or the mileage allowance proscribed for federal government employees if travel is by privately owned vehicle, 28 U.S.C. § 1821(c)(2), charges for taxis and other miscellaneous expenses, 28 U.S.C. § 1821(c)(3), and a subsistence allowance when overnight stay is required, not to exceed the maximum per diem for federal government employees, 28 U.S.C. § 1821(d).

A review of the court's record reveals that plaintiffs' experts were present at trial and testified on the following days:

William G. Kelly August 21 and 22, 1986

Thomas A. Good September 4, 5 and 10, 1986

James A. Dalton Ph.D September 5, 1986

Werner Sichel Ph.D September 11, 1986

Therefore, plaintiffs are entitled to $210.00 for witness fees.

In addition, plaintiffs are entitled to expert witness' travel and subsistence allowance if properly documented. As in Langenderfer I, the Court is unable to determine from Exhibit 4C which expenses of Arthur Andersen & Co. were incurred specifically for travel and subsistence. Therefore, in the exercise of the Court's discretion, these expenses will not be recoverable with respect to Arthur Andersen & Co. However, plaintiffs' Exhibit 7 reveals that Thomas A. Good incurred hotel expenses on September 5, 1987 and September 10, 1987. Therefore, pursuant to 28 U.S.C. § 1821(d)(1), plaintiffs will be awarded a $75.00 per day subsistence for a total of $150.00. After examining Exhibit 4A, this Court will award plaintiffs $168.00 for Werner Sichel's travel.[8] The Court will award plaintiffs $225.00 for Sichel's subsistence representing $75.00 per day for

September 10, 1986 through September 12, 1986. James A. Dalton has claimed travel and subsistence of $1,933.42 for expenses incurred between July 1, 1986 through September 10, 1986. Because plaintiffs have failed to adequately document the expenses incurred for Dalton's presence at trial, this Court is unable to determine the expenses incurred during September, 1986. However, plaintiffs' Exhibit 7 reveals that Dalton incurred hotel expenses on September 5, 1986 and September 10, 1986. Since the Court's record reveals that Dalton testified only on September 5, 1986, plaintiffs will be awarded $75.00 for subsistence, pursuant to 28 U.S.C. § 1821(d)(1). Therefore, plaintiffs will be awarded a total of $828.00 for expert witness' travel, subsistence and fees.

■ Plaintiffs' last request is for their attorneys' and supporting staffs' travel and subsistence in the amount of $52,-455.81. Although plaintiffs attempt to justify this amount by contending that defendants' counsel used the same accommodations, this argument does not justify such an unreasonable amount. Furthermore, the fact that defendants may have been billed for its counsel's accommodations does not require this Court to award plaintiffs the total amount requested.

This Court is aware of the law in this circuit which permits an award for travel expenses. *Northcross,* 611 F.2d at 639. However, this Court is also aware of a number of decisions excluding the cost of travel and subsistence as a recoverable cost. See *Entertainment Concepts III, Inc. v. Maciejewski,* 514 F.Supp. 1378, 1352 (N.D.Ill.1981); *United States v. Bedford Associates,* 548 F.Supp. 732, 753 (S.D.N.Y. 1982), *aff'd in part and modified in part,* 713 F.2d 895 (2d Cir.1983). However, this Court is obligated to follow the law of the Sixth Circuit. Therefore, plaintiffs will be entitled to a reasonable amount for their travel and subsistence.

The Court has reviewed plaintiffs' exhibits and awards plaintiffs $3,285.53 for trav-

---

**8.** Pursuant to 28 U.S.C. § 1821(c)(1) & (ᵔ)(3) Sichel's air fare and taxi fare are recoverable expenses. However, pursuant to 28 U.S.C.

§ 1821(c)(3), parking fees are only recoverable upon presentation of a valid parking receipt.

el expenses. This amount does not include any travel expense incurred in connection with the unsuccessful appeal and petition for certiorari of Langenderfer I.[9]

After reviewing the record, this Court determines that this Court was in session for this proceeding on the following dates:

| Date | Nature of Proceeding |
|---|---|
| August 5, 1986 | Hearings on Pre-trial Motions |
| August 6 and 7, 1986 | Jury Impanelment |
| August 14 and 15, 1986 | Trial |
| August 19 through 22, 1986 | Trial |
| August 26 through 29, 1986 | Trial |
| September 2 through 5, 1986 | Trial |
| September 9 through 12, 1986 | Trial |
| September 16 through 19, 1986 | Trial |
| September 25 and 26, 1986 | Trial |
| September 30, 1986 | Trial |
| October 1, 1986 | Jury Deliberation/Verdict |

■ Although plaintiffs' subsistence fees are for accommodations at a downtown Toledo hotel, this Court determines that a reasonable amount of subsistence should reflect the per diem amount for governmental employees and expert witnesses during the relevant time period. See 28 U.S.C. § 1821(d). Therefore, plaintiffs are entitled to a per diem allowance of $75.00 per day. In calculating this amount, the Court is cognizant that plaintiffs routinely employed 3 attorneys and 1 paralegal was reasonable. Therefore, the per diem allowance for subsistence will be calculated at $75.00 per day for each attorney and the paralegal.[10] In calculating the reasonable amount for subsistence, this Court determines that plaintiffs' counsel will be awarded $300.00 per day for 31 days. Therefore, this Court will award plaintiffs $9,300.00 for subsistence.

Therefore, the Court will award plaintiffs cost in the following amounts:

| | |
|---|---|
| Telephone charges | $ 2,366.87 |
| Court costs | 1,092.80 |
| Trial transcript | 828.50 |
| Photocopying | 14,443.80 |

| | |
|---|---|
| Expert witness fees | $ 828.00 |
| Travel and subsistence | 12,585.53 |
| TOTAL | $32,145.50 |

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that plaintiffs recover against defendants $765,922.75 for attorneys fees and $32,145.50 in costs.

## APPENDIX A

Plaintiffs Application for Attorneys Fees and Costs

(Exhibit 3C)

| Date | Amount |
|---|---|
| 11/28/83 | $ 291.50 |
| 1/31/86 | 420.45 |
| 2/17/86 | 530.50 |
| 3/31/86 | 298.76 |
| 3/31/86 | 779.04 |
| 4/10/86 | 1,293.63 |
| 4/30/86 | 234.13 |
| 4/30/86 | 503.32 |
| 4/30/86 | 943.21 |
| 6/19/86 | 392.49 |
| 7/31/86 | 707.61 |
| 7/31/86 | 237.87 |

9. This Court has reviewed plaintiffs' Exhibits 3A, 3B, and 3C of the original application and plaintiffs' Exhibit 2 of the supplemental application. This Court has calculated the expense allowed and excluded some travel expenses as unreasonable in light of the incomplete and unexplained documentation of certain entries. *Northcross,* 611 F.2d at 637. Those travel expenses excluded from the computation are listed in Appendix A. Also excluded from these calculations are all references to attendance at trial or hotel accommodations.

10. The Court realizes that plaintiffs' counsel arrived in Toledo the day before trial began and left Toledo at the conclusion of each weekly session.

Plaintiffs Supplemental Application for Attorney's Fees and Costs
Exhibit 2

10/31/86 45.28