See also 22 F.R.D. 56.

**TINNERMAN PRODUCTS, INC.,**
Plaintiff,

v.

**GEORGE K. GARRETT COMPANY, Inc.,**
Defendant.

Civ. A. No. 18190.

United States District Court
E. D. Pennsylvania.

Jan. 29, 1962.

Virgil E. Woodcock, Woodcock, Phelan & Washburn, Philadelphia, Pa., Bates, Teare & McBean, Cleveland, Ohio, James R. Morford, Wilmington Del., for plaintiff.

Leonard L. Kalish, Philadelphia, Pa., for defendant.

GRIM, Senior District Judge.

Having obtained in this court and in the Court of Appeals [1] determinations that the three patents in suit were invalid, defendant now [2] moves for the award of its attorney fees, $24,267.84, pursuant to 35 U.S.C.A. § 285.

This section provides:

"The court in exceptional cases may award reasonable attorney fees to the prevailing party."

The Court of Appeals for this circuit had this to say about the statute in R. M. Palmer Co. v. Luden's, Inc., 236 F.2d 496, 501 (3d Cir. 1956):

"The 1952 Patent Act, in Section 285, continues the discretionary power of the District Court to award reasonable counsel fees in exceptional cases. The phrase 'exceptional circumstances' is not contained in the prior law * * *, but confirms to the interpretation of the prior law by the cases. It is clear that counsel fees should not be awarded as a matter of course, nor as a penalty against the loser who followed conventional procedure. [citations] The exercise of discretion in favor of the allowance should be 'bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the particular law

suit be left to bear the burden of his own counsel fees which prevailing litigants normally bear.' Park-In Theatres v. Perkins, * * * [9 Cir.] 190 F.2d [137] at page 142."

The latest pronouncement of the Court of Appeals on this statutory provision is found in Pierce v. Allen B. DuMont Laboratories, 297 F.2d 323 (3d Cir. 1961):

"In denying this motion [for attorney fees] the court quite properly found 'that no bad faith on the part of the plaintiff has been shown.' This has been a hard and fairly fought case involving difficult and doubtful points of law. It certainly discloses no such imposition or unfairness as the statute contemplates in its limited authorization of counsel fees. Cf. Hardinge Co., Inc. v. Jones & Laughlin Steel Corp., 3d Cir., 1960, 275 F.2d 37."

Defendant bases its motion for counsel fees largely upon the ground that there was some kind of bad faith about plaintiff's action because some of plaintiff's license agreements were illegal as violative of the anti-trust laws since the patents upon which the license agreements were based have been found to be invalid. Defendant points to license agreements which determined and fixed the prices at which the licensees could sell the subjects of the agreement. It also points to an agreement in which plaintiff required licensees not to make or sell unpatented competitive devices. It is correct, as defendant contends, that a license agreement is invalid when it violates the anti-trust laws and the patent upon which it is based is invalid. See Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165 (1942), Prestole Corporation v. Tinnerman Products, Inc., 271 F.2d 146 (6th Cir. 1959). It does not follow from this, however, that a patent owner who in good faith enters into a patent license

---

1. 185 F.Supp. 151, 292 F.2d 137, cert. den. 368 U.S. 833.

2. There is no contention by plaintiff that the application for attorney fees is untimely.

362

agreement which would be valid despite the anti-trust laws if the patent itself stood up, can be made to pay the attorney fees of an adversary who obtains a determination that the patent is actually invalid.

A patent is presumed to be valid, 35 U.S.C.A. § 282. There was no evidence that plaintiff thought its patents invalid when it licensed them or had reason to believe that the patents might later be found invalid. It is clear, therefore, that plaintiff acted in good faith and without intent to violate the anti-trust laws when it entered into its license agreements. The actual violation, which developed through subsequent events, is not ground for the award of counsel fees. This is a far cry from a conspiracy to violate the anti-trust laws. Moreover, defendant has not shown that it suffered as a result of any of plaintiff's violations of the anti-trust laws. In fact, defendant withdrew the counterclaim based thereon.

Defendant contends that plaintiff resorted to many vexatious steps and proceedings and urged many untenable propositions to increase defendant's expenses. Among the matters complained of is the commencement of this action in another district, the District of Delaware. Although the action was transferred to this district, it does not follow that it should not have been brought in Delaware or that it was brought there to run up expense on defendant. Defendant also complains of problems arising in discovery proceedings, contending that they were vexatious in nature. Perhaps they were vexatious in the sense that they caused defendant much trouble, but they were not vexatious in the sense that they appear to have been instituted because of malice or without probable cause.

None of the things which defendant mentions brings this case out of the ordinary run of patent cases. No bad faith on the part of plaintiff has been shown. In the words of Pierce v. DuMont, supra, "This has been a hard and fairly fought case involving difficult and doubtful points of law. It certainly discloses no such imposition or unfairness as the statute contemplates in its limited authorization of counsel fees."

COSTS

Defendant has appealed from the action of the Clerk of the court in refusing to allow certain items in defendant's bill of costs.

The body of defendant's motion is in the following words:

"Defendant's Motion under Rule 54–d (F.R.C.P. [28 U.S.C.A.])

"Defendant respectfully moves for a review of the Clerk's action dated November 30, 1961 on Defendant's Bill of Costs in disallowing certain items of defendant's costs and for an Order allowing all of the items of costs set forth in Defendant's Bill of Costs which the Clerk had disallowed, and for such other and proper relief as the Court may deem just and proper."

Rule 35(b) of this court provides:

"All bills of costs requiring taxation shall be taxed by the Clerk, subject to an appeal to the Court. Any party appellant shall, within five (5) days after notice of such taxation, file a written specification of the items objected to and the grounds of objection. A copy of the specification of objections shall be served on the opposite party or his attorney within five (5) days. An appeal shall be dismissed for noncompliance with the appeal requirements."

It is obvious that defendant's motion does not contain a specification of the items objected to and the grounds of objection, or that defendant filed or served any such specification or grounds within five days after notice of taxation. Conformably with the last sentence of the rule, the appeal will be dismissed and defendant's motion for review of the Clerk's action will be denied. The Rule is mandatory, and defendant's request in its reply brief for an enlargement of time cannot be granted.

## ORDER

AND NOW, January 29, 1962, defendant's motion for award of attorney fees and motion to review the action of the Clerk in disallowing items of defendant's bill of costs are denied, and the appeal from the action of the Clerk in so doing is dismissed.