See also D.C., 200 F.Supp. 695.

**OTIS McALLISTER & CO., Libelant,**

v.

**S.S. MARCHOVELETTE, her engines, etc. and Compagnie Maritime Belge (Lloyd Royal S.A.), Respondent.**

United States District Court
S. D. New York.
Nov. 4, 1963.

Hill, Rivkins, Louis & Warburton, New York City, George B. Warburton, New York City, of counsel, for libelant.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, Robert H. Peterson, New York City, of counsel, for respondent.

WEINFELD, District Judge.

The Court is satisfied that it has the power to review the taxation of costs, even though the motion was not made within the five-day period provided for under Rule 54(d) of the Federal Rules of Civil Procedure. Assuming arguendo that the Rule is applicable in admiralty,

as respondent urges, the Court would have the power with respect to the time default to grant relief under Rule 6(b) for excusable neglect and also in the interests of justice.[1] The fact that the motion to retax was made within eleven days instead of five days is due to some confusion on the part of libelant's proctors as to whether admiralty or civil rules govern; in any event, the motion was made within a reasonable time and no prejudice has come to the respondent.

The item for travelling expenses in the sum of $900 for a witness is disallowed. His presence at the trial was not necessary; his deposition had been taken before the trial, out of the country, where proctors for both sides attended and questioned the witness. The libelant should not be subjected to further expense for this item. But apart from this, it is not allowable and is reduced to $16, computed on the basis of 8¢ a mile for 200 miles travel.[2]

1. In Schiavone-Bonomo Corp. v. Buffalo Barge Towing Corp., 134 F.2d 1022 (2d Cir.), cert. denied, 320 U.S. 749, 64 S.Ct. 53, 88 L.Ed. 445 (1943), the Court held that although the Federal Rules of Civil Procedure had not yet been extended to admiralty, the powers given the Court by Rule 6(b) were no different than the powers the Admiralty Court traditionally had.

2. See Ludvigsen v. Commercial Stevedoring Co., 228 F.2d 707 (2d Cir.), cert. denied, 350 U.S. 1014, 76 S.Ct. 660, 100 L.Ed. 874 (1956).