Richard P. DORAN, Plaintiff, Appellee,

v.

UNITED STATES of America,
Defendant, Appellant.

No. 72-1330.

United States Court of Appeals,
First Circuit.

Argued Feb. 8, 1973.

Decided March 22, 1973.

Morton Hollander, Atty., Dept. of Justice, with whom Harlington Wood, Jr., Asst. Atty. Gen., Julio Morales Sanchez, U. S. Atty., and Michael Kimmel, Atty., Dept. of Justice, were on brief, for defendant, appellant.

Juan R. Torruella, Hato Rey, P. R., with whom Pieras & Torruella, Hato Rey, P. R., was on brief, for plaintiff, appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

The government, successful in defending an admiralty suit, filed a substantial bill of costs three months after judgment. The plaintiff objected, in part because the bill was not filed within ten days of judgment as required by a rule of the district court dated July 9, 1952. The government claimed that it had relied on a 1946 edition of the district court rules, which contained no time limitation, that the U. S. Attorney's office had no knowledge of the later rule, and that the order had not been published in a manner reasonably designed to put attorneys on notice. The district court held that the rule "has been a well known and established practice" and denied the bill of costs as untimely filed.

It appears from the government's affidavits and brief that the 1952 rule was

furnished to the Supreme Court in accordance with Rule 83 F.R.Civ.P., but that neither the current United States Attorney taking office since the filing of the bill of costs nor his office, since he assumed his duties, was aware of the 1952 rule; and that, according to the affidavit of a long-time employee of the office, a copy of the 1952 rule was never received by the office.* We note that this affidavit did not aver the absence of knowledge by that office over the years.

■ Taking these sparse allegations as true, the government must lose. There was no evidence that the office of the U. S. Attorney prior to the present occupant had no knowledge of the rule over the past twenty years, or that the United States Attorney at the time of filing the bill had no knowledge, or that former occupants of the position generally had no such knowledge. There was no evidence, which might have been ascertained from case records, that the rule was more honored in the breach than in the observance. The government at argument sought remand for a full hearing, but that opportunity has long since passed.

■ Even such evidence would not advance the government's case. Its argument is based on the presence of the word "promulgation" in the second sentence of Rule 83, F.R.Civ.P. which directs that copies of the rules and their amendments "shall upon their promulgation be furnished to the Supreme Court." It claims that "The promulgation must be reasonably designed to put all practicing attorneys on actual or constructive notice." Even accepting this interpretation, we fail to see how proof that a particular individual or office, however important or frequent a litigant, did not receive written or acquire actual notice of the rule would establish the unreasonableness of the promulga-

tion. The government has not shown that the means of promulgation did not meet its own proposed standard. It has not shown that the common understanding of practitioners was contrary to that which the court stated.

The government points out the need for "uniform, systematic and periodic publication of . . . rules affecting the rights of litigants." We agree with that broad principle and even with the government's suggestion that district courts should publish either a complete compilation of their rules or cumulative supplements, at least more often than every twenty-five years. It would indeed seem to us to be both a sound and efficient practice for the district courts to re-compile their rules whenever exhaustion of the existing stock of copies requires re-ordering, or when substantial revisions are effected. Moreover, it is incumbent upon those courts, both under Rule 83 and their obligation to act fairly towards all those affected by their actions, to develop effective means of promulgation and distribution. Whether promulgation be effected by a general mailing of all new editions and additions to all those admitted to the bar of the court or by distribution of a copy at the commencement of each suit or by other, similarly effective means, we need not now decide either as a matter of law or under our supervisory power. For here, the U. S. Attorney's office, no tyro itself, has come forward with no evidence that the means of making known the 1952 rule was deficient.

■ The government also argues that denial of its costs under the circumstances was an abuse of discretion, since it had no actual knowledge of the rule, its bill was filed within a reasonable time, and plaintiff had shown no prejudice. Rules of the nature of that involved here serve the purpose of permitting a losing party to know the extent of

* While appellee contends that these affidavits were not received in evidence, we have assumed for purposes of decision that they were. Conversely, we have not relied on a post-judgment affidavit of the district court clerk as to the established practice of mailing copies of new rules to frequently appearing practitioners and to the Department of Justice.

his obligations and decide whether or not to appeal, either to secure reversal or a settlement. Woods Construction Co., Inc. v. Atlas Chemical Industries, Inc., 337 F.2d 888 (10th Cir. 1964). The court was well within its discretion in refraining from probing into plaintiff's decision-making processes.

Affirmed.