**TRAMMELL REAL ESTATE CORP.,**
Plaintiff-Appellee,

v.

**Jan A. TRAMMELL and Jan Trammell Real Estate, Inc.,**
Defendants-Appellants.

Nos. 84–8385, 84–8415
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 17, 1984.

---

Anthony B. Askew, Atlanta, Ga., for defendants-appellants.

Herbert P. Schlanger, Atlanta, Ga., for plaintiff-appellee.

Before VANCE, HENDERSON and CLARK, Circuit Judges.

PER CURIAM:

Jan A. Trammell and Jan Trammell Real Estate, Inc. ("Jan Trammell") appeal from two orders of the United States District Court for the Northern District of Georgia holding that they failed to submit a proper-ly verified bill of costs within the time period set forth in the district court's local rules. On January 16, 1984, a bench trial was held on an action brought by Trammell Real Estate Corporation ("Trammell Corporation") against Jan Trammell alleging unfair competition and deceptive trade practices. At the close of Trammell Corporation's case the district court granted Jan Trammell's motion to dismiss and awarded it costs.

On February 1, 1984, Jan Trammell submitted a bill of costs in the amount of $971.01, representing the cost of obtaining transcripts of two sets of depositions. Over Trammell Corporation's objection the clerk of the court taxed the costs on February 6, 1984. Jan Trammell submitted an amended bill of costs on February 22, 1984, decreasing the amount to $949.01 to reflect a discount received when it paid certain deposition costs early. The clerk again taxed these costs over Trammell Corporation's objection on February 27, 1984.

The district court, however, overruled the clerk's taxation of costs because the first submitted bill did not comport with the requirements of 28 U.S.C. § 1924. Moreover, the court reasoned that although the second submitted bill was proper under section 1924, it was filed too late under the local court rules. After its motion for reconsideration was denied, Jan Trammell lodged this appeal.

Whether to tax costs is a matter left to the district court's discretion. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 232, 85 S.Ct. 411, 415, 13 L.Ed.2d 248, 252 (1964). The local rules for the Northern District of Georgia provide:

TIME LIMIT. A bill of costs must be filed by the prevailing party within 30 days after the entry of judgment or such costs will not be allowed to be taxed as part of the judgment.

Rule 351.1, Local Rules of the United States District Court for the Northern District of Georgia. In addition, section 1924 states:

Before any bill of costs is taxed, the party claiming any item of cost or dis-

bursement *shall attach thereto an affidavit* made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

28 U.S.C. § 1924 (emphasis added).

The district court reasoned that the bill of costs submitted February 1, 1984, was deficient because no affidavit was attached thereto. Although no separate affidavit was included, the bill itself contained the following statement:

> I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.

Record at 170. This declaration was signed by Jan Trammell's attorney. Jan Trammell contends that the provision adequately substitutes for an affidavit in accordance with 28 U.S.C. § 1746 which provides:

> Wherever, under any law of the United States ... any matter is required ... to be supported, evidenced, established, or proved by [a] sworn ... affidavit ... such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration ... in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> 
> ....
> 
> (2) If executed within the United States: ... 'I declare (or certify, verify, or state) under penalty of perjury that

the foregoing is true and correct. Executed on [date]. [Signature.]'

28 U.S.C. § 1746.

■ There is no question that the signed and dated declaration in the bill of costs is substantially similar to the permissible substitute set forth in section 1746. In addition, we attribute no special significance to the term "attach" in section 1924. That law's purpose to ensure the accuracy of incurred costs is achieved despite the lack of a separate affidavit. As a result, we conclude that the district court abused its discretion in disallowing the costs to the prevailing party.[1]

Also, Trammell Corporation alleges that the first bill of costs was deficient because it was not accompanied by a brief in support of the taxability of the costs and did not disclose the payment of the costs. Moreover, it argues that the costs are not recoverable because the deposition transcripts were not necessary and were not admitted into evidence.

■ Neither federal law nor the local court rules specify that a supporting brief is a prerequisite to a taxation of costs. In addition, the bill of costs form provided by the district court merely states that briefs "should" be submitted. Moreover, the materials submitted adequately document and itemize the costs incurred. We find no justification for denying costs on this basis when their recoverability is apparent from the bill of costs. *See In re Nissan Antitrust Litigation, P.D.Q., Inc. v. Nissan Motor Corp.,* 577 F.2d 910, 918 (5th Cir. 1978)[2] (cost of depositions recoverable), *cert. denied,* 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979). Furthermore, nothing in section 1924 suggests the necessity for proof that the costs were actually paid. Once it is shown the costs were incurred, payment is a matter between the party and its creditor. Finally, there is no dispute

---

1. Even a liberal reading of Trammell Corporation's brief fails to reveal any disagreement with Jan Trammell's position that the affidavit requirement was met. In addition, we perceive no reason why Jan Trammell's apparently good faith amendment to its first bill of costs should render it invalid.

2. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

that all the depositions were either partially read into evidence or used in examination or cross-examination at the trial. *See* Record at 179–80. For these reasons, we perceive no grounds for denying costs.

The judgment of the district court is REVERSED and the case REMANDED for the entry of a judgment in the amount of the amended cost bill.