James PERSON, Plaintiff,

v.

OMNI INTERNATIONAL
HOTEL–NORFOLK,
Defendant.

Civ. A. No. 82–278–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 27, 1984.

William P. Robinson, Norfolk, Va., for plaintiff.

Harry N. Gustin, Norfolk, Va., for defendant.

## OPINION AND ORDER

KELLAM, District Judge.

By opinion and order of April 26, 1984, the Court dismissed the plaintiff's claims and complaint asserted in this action. On April 27, 1984, the Clerk entered a judgment of dismissal. On May 29, 1984, counsel for defendant filed a bill for costs, with the proper affidavit, along with a brief in support of the bill for costs and attorney's fees. Defendant attached vouchers for the items of costs accumulated, and vouchers for hours spent in preparation and trial of the case, copies of which were sent to counsel for plaintiff. For some reason not appearing in the record, the Clerk delayed taxing the costs until October 29, 1984. On that day, the Clerk wrote each counsel advising that costs had been taxed in favor of defendant in the amount of $36,977.33, and that in any motion for review, the items objected to should be briefed.

On December 13, 1984, the Clerk received from plaintiff's counsel a motion to modify taxation of costs in which plaintiff objected to the assessment of (1) attorney's fees, asserting the plaintiff's action was not brought in bad faith, (2) that the award of court reporter's transcript and travel expenses could be disallowed, and (3) contesting the costs of taking depositions, telephone, postage, travel expenses and miscellaneous expenses. The motion was lodged and counsel for plaintiff notified that it was necessary to obtain leave of court to file the motion. On December 19th, plaintiff's counsel filed a motion seeking leave of court to file objections to the taxing of

costs, but without a brief in support. Counsel for defendant has opposed the motion to file objections to the assessment of costs, asserting that the statement of costs, duly sworn to and documented, along with supporting vouchers and a brief, was filed with the Clerk on May 29, 1984; that plaintiff filed no response thereto; that the costs were taxed and that plaintiff failed to appeal from the allowance and taxing of said costs.

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, costs shall be allowed as of course to the prevailing party, and upon one day's notice, the Clerk may tax costs. Pursuant to 28 U.S.C. § 1924, before any item of cost may be allowed, the claimant must attach an affidavit that such item is correct and has been necessarily incurred in the case. Such an affidavit was attached to the statement in this case. Rule 54(d) also provides that

> on motion served within 5 days thereafter,[1] the action of the clerk may be reviewed by the Court.

As set out above, defendant's sworn statement of costs, with voucher, was filed May 31st. The Clerk taxed the costs on October 29th. Plaintiff raised no objection until December 13th, when he submitted to the Clerk a motion to modify the costs as taxed.

It would appear that the five-day period within which the Court may entertain a motion to review the Clerk's taxing of costs is not jurisdictional, though the Court need not and does not here make a ruling on that issue. Likewise, Local Rule 16(F) provides that the Clerk will tax costs, and any party objecting shall file such objections within 20 days from the date of the notice from the Clerk. It would seem that any desire to file a motion after the expiration of the time fixed by the rules must be accompanied by a motion under Rule 6 for an enlargement of the time within which to file a motion for a review of the Clerk's action. Rule 6(b) provides, in part:

> When by these rules or by a notice given thereunder ... an act is required or al-

lowed to be done at or within a specified time, the court for cause shown may ... upon motion made ... permit the act to be done where the failure to act was the result of excusable neglect ...

■ There is no reason of any kind given by plaintiff for a failure to comply with the provisions of Rule 54(d), nor has plaintiff sought an enlargement of the time within which to file the motion. Here, the motion to review the taxation of costs is more than six months after the sworn statement of costs was filed, and 45 days after the costs were taxed by the Clerk. To be sure, the Court ought not arbitrarily or without reason extend the time for an objection to the taxing of costs.

Rule 58 requires the Clerk to promptly enter judgment, unless otherwise directed by the Court, and such entry shall not be delayed for the taxing of costs. Under 28 U.S.C. § 1920, a bill for costs shall be filed in the case, and, upon allowance, "included in the judgment."

Rulings on the right to challenge items of costs where the objection has not been timely filed are varied. Some courts have held that a failure to file the objection within the five days eliminates the right to challenge the assessment. For instance, in *Delaware Valley Marine Supply Co. v. American Tobacco Co.*, 199 F.Supp. 560 (E.D.Pa.1960), the motion filed seven days after the Clerk's taxation of costs was filed was ruled too late. See cases there cited. *See also, Texaco, Inc. v. Department of Energy*, 663 F.2d 158 (D.C.Cir.1980), *Baldwin v. Redwood City*, 540 F.2d 1360 (9th Cir.1976), *cert. denied*, 431 U.S. 913, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977); *Fleet Investment Co. Inc. v. Rogers*, 87 F.R.D. 537 (W.D.Okla.1978), aff'd 620 F.2d 792 (10th Cir.1980); *Tinnerman Products, Inc. v. George K. Garrett Co.*, 202 F.Supp. 360 (E.D.Pa.1962). In *Otis McAllister & Co. v. S.S. MARCHOVELETTE*, 34 F.R.D. 27, (S.D.N.Y.1963), the Court granted a review on a motion filed eleven days after taxation

---

1. After the Clerk has taxed the costs.

of the costs, upon grounds of excusable neglect.

In *Gary v. Spires*, 634 F.2d 772 (4th Cir.1980), the Court reversed the allowance of an attorney's fee for the defendants where the allowance by the Court was made two months after the dismissal of the plaintiff's action. The Court of Appeals said the demand for attorney's fees "should be rejected as inequitable." 634 F.2d at 773. The Court there pointed out that section 1988 (42 U.S.C. § 1988) in speaking of attorney's fees, "terms the fees 'as a part of the costs,'" and "Rule 54(d), Federal Rules of Civil Procedure, directs that they be taxed by the Clerk and it conditions review thereof by the Court upon 'motion served within 5 days after the Clerk's taxation.'"

■ Since the costs are a part of the judgment, and the judgment was final before the aforesaid motion was sent to the Clerk, the only way relief from the judgment may be granted is pursuant to Rule 60 of the Federal Rules of Civil Procedure. No such motion has been filed, nor is there anything in the record to indicate that a motion under Rule 60 would be appropriate.

■ Plaintiff's motion is not timely, and no application to extend the time for filing has been submitted, as provided for under Rule 6. The Court is without jurisdiction and the motion is therefore DENIED.

By way of comment, the plaintiff's assertion that costs of copying, telephone and travel are not proper items for recovery is answered by *Wheeler v. Durham City Board of Education*, 585 F.2d 618 (4th Cir.1978).