Andrew E. JOHNSON, et al., Plaintiffs,

v.

Sandra MORTHAM, etc., et al., Defendants.

No. TCA 94–40025–MMP.

United States District Court, N.D. Florida, Tallahassee Division.

May 20, 1997.

G.J. Rod Sullivan, Sullivan & Boyd, PA, Jacksonville, FL, for plaintiffs.

Stephen N. Zack, Miami, FL, Brenda Wright, Jackqueline A. Berrien, Lawyers' Committee for Civil Rights Under Law, Washington, DC, Gerald Betzig Curington, Atty. Gen., State of Florida, Tallahassee, FL, for Pat Thomas.

Stephen N. Zack, Miami, FL, Brenda Wright, Jackqueline A. Berrien, Lawyers' Committee for Civil Rights Under Law, Washington, DC, Betty Elaine New, Gen. Counsel, House of Representatives, Tallahassee, FL, David Stephen Kahn, Kahn & Dariostis, Tallahassee, FL, Thomas Richard Tedcastle, Rules Committee House of Representatives, State of Florida, Tallahassee, FL, Gerald Betzig Curington, Atty. Gen., State of Florida, Tallahassee, FL, Richard A. Hixson, Div. of Administrative Hearings, State of Florida, Tallahassee, FL, for Bolley L. Johnson.

George Lee Waas, Atty. Gen. Office, Dept. of Legal Affairs, Tallahassee, FL, David Alan Tepper, Dept. of State Office of the Gen. Counsel, Tallahassee, FL, for Sandra Mortham.

Before HATCHETT, Chief Circuit Judge, PAUL, Chief District Judge, and VINSON, District Judge.

## ORDER

HATCHETT, Chief Circuit Judge.

BY THE COURT:

This cause comes before the court on Plaintiffs' motion for reconsideration of clerk's award of taxation of costs (doc. 312). The United States has filed a memorandum in opposition to Plaintiffs' motion (doc. 315). For the reasons stated below, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

## I. Background

Plaintiffs are the prevailing parties in this equal protection challenge to Florida's Third Congressional District under the authority of *Shaw v. Reno,* 509 U.S. 630, 113 S.Ct. 2816, 125 L.Ed.2d 511 (1993).[1] On May 1, 1996, Plaintiffs filed a bill of costs with the clerk of the court pursuant to Federal Rule of Civil Procedure 54(d)(1). Plaintiffs sought a total of $10,001.53 in taxable costs. *See* Doc. 202. On October 29, 1996, the court held that costs would be taxed solely against the United States, a defendant-intervenor in the underlying action. *Johnson v. Mortham,* 950

---

1. On April 17, 1996, a majority of this court held that Florida's Third Congressional District did not pass strict scrutiny because it was a racially gerrymandered district not narrowly tailored to further a compelling governmental interest. *Johnson v. Mortham,* 926 F.Supp. 1460, 1495 (N.D.Fla.1996) (three-judge panel). On the same date, the clerk entered judgment for Plaintiffs. See doc. 193. Under Rule 54(d)(1), Fed.R.Civ.P., the judgment winner is the "prevailing party." *See Head v. Medford,* 62 F.3d 351, 354–55 (11th Cir.1995).

F.Supp. 1117, 1128 (N.D.Fla.1996) (three-judge panel).

On March 19, 1997, the clerk taxed costs in the amount of $120.00 against defendants and defendant-intervenors Corrine Brown, Bolley L. Johnson, Pat Thomas, Frank Cummings, Samuel L. Green, Sr., Leonard O'Neal, Glynell Presley, Sandra Mortham, and Mary Lawson Brown. The clerk explained the reason for the reduced award as follows:

> The bulk of the requested costs were unsubstantiated. Deputy Clerk, Ms. Debi Boone, on two occasions, contacted [Plaintiffs'] attorney G.J. Rod Sullivan, Jr. requesting documentation needed to substantiate each cost. To this date no documentation has been filed with the Clerk [sic] Office.

Doc. 311. Apparently, the $120.00 awarded to Plaintiffs was the amount of the court filing fee for which the clerk had a record of payment. On April 2, 1997, Plaintiffs moved the court for reconsideration of the clerk's award of taxation of costs (doc. 312).

## II. Analysis

### A. *Inadvertent failure to tax costs against the United States:*

The Plaintiffs now seek reconsideration of the clerk's award of taxable costs. Plaintiffs first represent that the clerk inadvertently taxed costs against the defendants and defendant-intervenors named above, instead of against the United States as provided in the October 29, 1996 order. *See* Doc. 312 at 1. The United States agrees with Plaintiffs. Doc. 315 at 1–3 & n. 2. The court also concurs. *See Johnson v. Mortham,* 950 F.Supp. at 1128. Therefore, Plaintiffs' motion for reconsideration of the parties against whom costs shall be awarded is GRANTED. The clerk's award of taxable costs (doc. 311) shall be modified accordingly.

### B. *Amount of taxable costs:*

Plaintiffs next move for reconsideration of the amount of costs taxed by the clerk. In support of their motion, Plaintiffs make the following statements:

> .... The Plaintiffs moved for taxation of costs and the Clerk requested additional documentation. The additional documentation requested is attached hereto.

> \*   \*   \*   \*   \*   \*

> [T]he clerk has taxed costs in the amount of $120.00, asserting that the bulk of the requested costs were unsubstantiated. Attached hereto is substantiation for all of the costs contained under the Plaintiffs [sic] bill of cost [sic] filed on April 26, 1996.

Doc. 312 at 1. Plaintiffs do not attempt to explain why the supporting documentation was not included with their original bill of costs.

The United States opposes Plaintiffs' request for reconsideration of the amount of costs to be taxed. According to the United States, Plaintiffs' motion is untimely under Rule 54(d)(1), Fed.R.Civ.P. because it was filed more than five days after the clerk taxed costs. Federal Rule of Civil Procedure 54(d)(1), providing for "costs other than attorneys' fees," states that "[o]n motion served within 5 days [after the clerk has taxed costs], the action of the clerk may be reviewed by the court." The clerk awarded taxable costs on March 19, 1997. *See* Doc. 311. Therefore, the United States concludes that Plaintiffs had until March 26, 1997 [excluding the intermediate Saturday and Sunday pursuant to Fed.R.Civ.P. 6(a) ] to serve a motion seeking review of the clerk's order.

The court agrees with the United States that Plaintiffs' objections to the clerk's award of taxable costs had to be served on the clerk by March 26, 1997. Plaintiffs' motion for reconsideration is untimely because it was not filed until April 2, 1997. As a general rule, if a "party fails to file a timely objection to the clerk's taxation of costs, any objection is waived, and the district court is not obliged to review the taxation of costs." 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 54.100[3], at 54–144 (3d Ed.1997). Nevertheless, the five-day time limit is not jurisdictional, so the court has discretion to consider Plaintiffs' untimely objections. *See, e.g., Lorenz v. Valley Forge Ins. Co.,* 23 F.3d 1259, 1260 (7th Cir.1994); *Baum v. United States,* 432 F.2d 85, 86 (5th

Cir.1970) [2]; *American Key Corp. v. Cumberland Assoc.,* 102 F.R.D. 496, 497 (N.D.Ga. 1984). *But see Person v. Omni Int'l Hotel–Norfolk,* 106 F.R.D. 7, 9 (E.D.Va.1984) (denying motion for review of clerk's taxation of costs where it was filed 45 days after clerk taxed costs and movant failed to seek an enlargement of time within which to file the motion); *Raio v. American Airlines, Inc.,* 102 F.R.D. 608, 610 (E.D.Pa.1984) (denying motion where it was filed six days late). On the other hand, the court is cognizant that it "ought not arbitrarily or without reason extend the time for [Plaintiffs'] objection to the taxation of costs." *Person,* 106 F.R.D. at 8.

■ There is no good cause present in the case at bar to extend the time period specified in Rule 54(d)(1), Fed.R.Civ.P. Plaintiffs' motion for reconsideration does not even attempt to explain why the motion was untimely filed. Moreover, at no time did Plaintiffs seek an extension of time within which to file their motion. Plaintiffs clearly cannot be permitted to unilaterally extend filing periods set forth in the Federal Rules of Civil Procedure. *See generally* Fed.R.Civ.P. 6(b) (*district court* may order enlargement of time for good cause shown) (emphasis added); 1 Moore's Federal Practice ¶ 6.06[1][b], at 6–39 ("Because the court bears the ultimate responsibility for handling its docket, *the court* must exercise full control over extensions of time periods.") (emphasis added) (citation omitted); *cf. Northwest Airlines, Inc. v. American Airlines, Inc.,* 870 F.Supp. 1504, 1507 n. 4 (D.Minn. 1994) (a party "cannot unilaterally extend a court-set deadline"). As a result, the court is well within its discretion to deny Plaintiffs' motion as untimely under Rule 54(d)(1), Fed. R.Civ.P. *See generally Manor Healthcare Corp. v. Lomelo,* 929 F.2d 633, 639 (11th

Cir.1991) (district court's decision on taxation of costs will not be overturned absent a "clear abuse of discretion"), *reh'g denied,* 942 F.2d 798; *Trammell Real Estate Corp. v. Trammell,* 748 F.2d 1516, 1517 (11th Cir. 1984) (per curiam) ("Whether to tax costs is a matter left to the district court's discretion.").[3]

■ Nevertheless, the court instead opts to deny Plaintiffs' motion on its merits. As an initial matter, the court declines to consider any of the documentation untimely submitted with Plaintiffs' motion for reconsideration. In fact, Plaintiffs' "motion for reconsideration" is really nothing more than a veiled attempt to supply documentation Plaintiffs were required by local rule to submit with their bill of costs within thirty days after entry of judgment. *See* N.D. Fla. Loc. R. 54.2. The bill of costs form itself makes the documentation requirement clear, stating "SPECIAL NOTE: Attach to your bill an itemization *and documentation* for requested costs in all categories." Doc. 202 (capitals in original, emphasis added). Furthermore, on at least two occasions the clerk's office contacted Plaintiffs' counsel about filing the necessary documentation, to no avail. *See* Doc. 311. Plaintiffs cannot now be permitted to evade the thirty day rule for filing a bill of costs in proper form by supplying some of the requisite documentation [4] nearly a year after judgment has been entered. Such action is tantamount to filing either an untimely second bill of costs or a motion for retaxation of costs, which case law shows do not have to be considered by the court. *See, e.g., Quarles v. Oxford Mun. Separate Sch.,* 868 F.2d 750, 758 (5th Cir.1989); *Fargo Biltmore Motor Hotel Corp. v. Best Western Int'l,* 742 F.2d 459, 464–65 (8th Cir.1984); *Dataq, Inc. v. Tokheim Corp.,* 736 F.2d 601,

---

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

**3.** As discussed in the next paragraph, Plaintiffs' motion for reconsideration may also be construed as a motion for retaxation of costs. Motions for retaxation of cost are also subject to the abuse of discretion standard of review. *See Dickinson Supply, Inc. v. Montana–Dakota Util. Co.,* 423 F.2d 106, 110 (8th Cir.1970).

**4.** The United States has correctly pointed out two deficiencies in the documentation which Plaintiffs untimely submitted to the court. First, while Plaintiffs seek over $10,000 in taxable costs, they have only supplied documentation for $3,094.38 of the costs they purportedly incurred. Second, a substantial portion of Plaintiffs' documented costs are not taxable under 28 U.S.C. § 1920.

605 (10th Cir.1984). Consequently, the supporting documentation attached to Plaintiffs' motion for reconsideration of clerk's award of taxation of costs (doc. 312) shall be STRICKEN as untimely submitted pursuant to Federal Rule of Civil Procedure 54(d)(1) and Northern District of Florida Local Rule 54.2.

In the absence of any supporting documentation, Plaintiffs are left with their counsel's verified statement of costs incurred in the conduct of this litigation.[5] Counsel's statement includes broad categories of expenses and a generalized itemization under each category.[6] The court will briefly examine these categories in turn.

■ The first category of expenses is for $180.50 paid as fees of the clerk. Although such fees may be taxed pursuant to 28 U.S.C. § 1920(1), Plaintiffs do not specify why these fees were paid. The clerk was only able to confirm that Plaintiffs had paid a $120.00 filing fee at the time this action was commenced.[7] Therefore, the remaining $60.50 requested by Plaintiffs is DENIED. Plaintiffs are only entitled to reimbursement for the $120.00 filing fee. *Cf. Dickinson Supply, Inc.,* 423 F.2d at 110 (clerk properly awarded $15 in clerk's costs to prevailing party, where prevailing party failed to timely file bill of costs in compliance with local rule).

■ The next category is for $160.00 incurred for service of summons and subpoenas. Plaintiffs itemize three payments made to B.J. Quinn, Dick Fischer Investigations, and Professional Investigations, presumably all private process servers. There is a split of authority as to whether fees of a private process server may be taxed under 28 U.S.C. § 1920. *Cf. Alflex v. Underwriters Lab., Inc.,* 914 F.2d 175, 178 (9th Cir.1990) (taxing costs of private process server), *cert. denied,* 502 U.S. 812, 112 S.Ct. 61, 116 L.Ed.2d 36 (1991); *Roberts v. Homelite Div. of Textron, Inc.,* 117 F.R.D. 637, 641 (N.D.Ind.1987) (same) *with Crues v. K.F.C. Corp.,* 768 F.2d 230, 234 (8th Cir.1985) (such fees are not taxable); *Zdunek v. Washington Metro. Transit Auth.,* 100 F.R.D. 689, 692 (D.D.C. 1983) (same). However, the court need not resolve this question because there is no documentation to support Plaintiffs' claimed costs. Accordingly, all of these costs are DENIED.

■ Plaintiffs' next category of claimed costs is for $1,364.50 for court reporter fees and transcripts "necessarily obtained for use in the case." Such costs can be recovered under 28 U.S.C. § 1920(2) if they are properly documented. Plaintiffs merely recite the names of court reporters and court reporting services and the amounts paid to each. No where do Plaintiffs identify whose depositions were included in the request for costs. Additionally, Plaintiffs have failed to produce any documentation supporting their requested costs. Under these circumstances, the court cannot determine whether these depositions were necessarily obtained for use in the case or whether the amount of renumeration requested by Plaintiffs is reasonable. Hence, all of these costs must be DENIED. *See Lock v. Jenkins,* 634 F.Supp. 615, 619 (N.D.Ind.1986); *Lyons v. Cunningham,* 583 F.Supp. 1147, 1156 (S.D.N.Y.1983).

---

**5.** A party claiming taxable costs must verify that the claimed items are correct and have been necessarily incurred in the case and that any services for which fees have been charged were actually and necessarily performed. 28 U.S.C. § 1924. *See also* 28 U.S.C. § 1746 (providing for verification through unsworn declarations under penalty of perjury). Plaintiffs' counsel made the requisite verification in the bill of costs· by signing an oath reciting the language from 28 U.S.C. § 1924 (doc. 202). *See Trammell,* 748 F.2d at 1518.

**6.** A copy of schedule A to Plaintiffs' counsel's verified statement is provided as Appendix A to this opinion.

**7.** Plaintiffs may have actually paid the additional sum of $60.50 to the clerk. However, Plaintiffs have neither provided the dates these additional sums were paid, nor explained why they were paid. Absent such information, it would place an onerous burden on the clerk's office to search through all of its receipts to determine the validity of Plaintiffs' claimed amounts. Without question, the burden of producing documentation in support of a bill of costs is on the claimant, not the clerk.

■ Plaintiffs claim three categories of expenses which presumably fall under 28 U.S.C. §§ 1920(3)-(4), providing for the taxation of "[f]ees and disbursements for printing and witnesses" and "[f]ees for exemplification and copies of papers necessarily obtained for use in the case," respectively. Regarding the sum of $972.27 claimed for fees and disbursements for printing, Plaintiffs have not described these expenses with any particularity whatsoever [i.e., what the expenses were for, such as "a color map of the Third Congressional District, submitted at trial as Plaintiffs' Exhibit 1"]; rather, Plaintiffs merely include general statements of the party to whom they made the payments, including: "Nationsbank Visa," "Supervisor of Elections," "Reddi Arts," and "G.J. Rod Sullivan, Jr.—Reimbursement." The expenses of $3,607.82 claimed for copies obtained for use in the case are in an even more precarious position: $3,434.75 of these claimed expenses are for "G.J. Rod Sullivan, Jr. 13,739 [copies] × .25". There is absolutely no breakdown of the nature of the copies or their use or intended use at trial which would allow the court to determine whether the copies in question were "reasonably necessary" for trial. "Simply making unsubstantiated claims that [documents or copies] were necessary is insufficient to permit recovery." *Corsair Asset Management, Inc. v. Moskovitz,* 142 F.R.D. 347, 352 (N.D.Ga.1992). *Accord Berryman v. Hofbauer,* 161 F.R.D. 341, 344 (E.D.Mich.1995); *Voight v. Subaru–Isuzu Automotive, Inc.,* 141 F.R.D. 99, 102–03 (N.D.Ind.1992); *Fulton Fed. Sav. & Loan Ass'n of Atlanta v. American Ins. Co.,* 143 F.R.D. 292, 299–300 (N.D.Ga.1991); *American Key Corp. v. Cumberland Assoc.,* 102 F.R.D. 496, 499 (N.D.Ga.1984). In addition,

Plaintiffs have provided no proof of payment or documentation for the $135.00 claimed as "fees for witnesses" [or for the amounts claimed under the other two categories, for that matter]. Thus, all of these costs are DENIED.

■ Plaintiffs also seek taxation of costs for $1,325.31 in travel expenses. There is no explanation about who incurred these costs or for what purpose they were incurred. The itemization merely includes entries for "Nationsbank Visa," "G.J. Rod Sullivan, Jr.," and "Carol Walters." It is unclear whether these are costs incurred for witnesses or for the travel expenses of Plaintiffs' counsel. To the extent the claimed costs are for the former, Plaintiffs' failure to submit supporting documentation precludes recovery. *See* 28 U.S.C. § 1821(c)(1) (in seeking recovery for witness travel costs, "[a] receipt of other evidence of actual cost *shall be furnished*") (emphasis added) To the extent the claimed costs are for the latter, although an attorney's out-of-pocket travel expenses may be recoverable as taxable costs[8], the lack of supporting documentation is likewise fatal.[9] Consequently, all of these costs are DENIED.

■ Plaintiffs further seek reimbursement for $431.80 for "overnight letters." Plaintiffs itemize these expenses as paid to either "Federal Express" or "Unishippers," with no supporting documentation or other descriptions of the precise nature of the charges in question. These claimed costs are DENIED. Express delivery costs are not taxable under 28 U.S.C. § 1920. *See Hollenbeck v. Falstaff Brewing Corp.,* 605 F.Supp. 421, 439 (D.Mo.1984) (Federal Express and

---

**8.** *See Fairley v. Patterson,* 493 F.2d 598, 607 n. 17 (5th Cir.1974) ("In public interest litigation, especially, where an attorney may donate his legal talents, the expenses of preparing and conducting the litigation require direct out-of-pocket expenditures by a party, which should be completely recoverable."); *but see United States v. Bedford Assoc.,* 548 F.Supp. 748, 753 (S.D.N.Y. 1982) (disallowing attorney's out-of-pocket travel expenses) (collecting citations).

**9.** At least two courts have held that an attorney's affidavit can be sufficient to satisfy the requirements of 28 U.S.C. § 1821(c)(1). *See Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 65 (5th Cir.1994)

(per curiam); *National Bancard Corp. v. VISA, U.S.A., Inc.,* 112 F.R.D. 62, 69 (S.D.Fla.1986). However, in each of those cases, the attorney seeking reimbursement for travel expenses (1) swore under penalty of perjury that the travel expenses claimed were necessary to the litigation and (2) provided either a detailed itemization of the expenses actually incurred or documentation of costs for the "most economical rate reasonably available" under the terms of § 1821. To the extent that Plaintiffs' bill of costs may be construed as an affidavit, it fails to sufficiently meet the second of these requirements.

local delivery service charges are not taxable costs under § 1920), *aff'd,* 780 F.2d 20 (8th Cir.1985); *see also* citations in the next paragraph, infra (postage costs not taxable under § 1920). Even if express delivery charges were taxable, Plaintiffs' failure to include supporting documentation would likewise prevent recovery. *Cf. Frederick v. City of Portland,* 162 F.R.D. 139 (D.Or.1995) (court declined to tax costs of hand delivery charges where there was no supporting documentation).

■■■ As to the last two categories, "long distance telephone and telefaxes" and "postage," the court finds that these costs are not taxable under 28 U.S.C. § 1920. *See Wahl v. Carrier Mfg. Co. Inc.,* 511 F.2d 209, 216–17 (7th Cir.1975); *Ortega v. City of Kansas City,* 659 F.Supp. 1201, 1219 (D.Kan.1987), *rev'd on other grounds,* 875 F.2d 1497 (10th Cir.), *cert. denied,* 493 U.S. 934, 110 S.Ct. 325, 107 L.Ed.2d 315 (1989); *Hollenbeck,* 605 F.Supp. at 439; *Wolfe v. Wolfe,* 570 F.Supp. 826, 828 (D.S.C.1983); *see also Wolf v. Planned Property Management,* 735 F.Supp. 882, 883–84 (N.D.Ill.1990) (long-distance charges not taxable where § 1920 did not list such charges as taxable costs); *but see Arthur S. Langenderfer, Inc. v. S.E. Johnson Co.,* 684 F.Supp. 953, 960 (N.D.Ohio 1988) (telephone charges may be taxed, and implying that postage could be taxed if properly documented). Once again, even if these costs were taxable, the absence of documentation would preclude Plaintiffs from recovering them. Accordingly, Plaintiffs' claims for telephone and postage expenses are DENIED.

### C. *Conclusion:*

■■■ Attorneys litigating matters of great public importance, such as the case at bar, perform a vital service to the community at large. Nevertheless, performing this service does not free attorneys for prevailing parties from strict compliance with the rules governing taxation of costs. *See generally*

*Central Delaware Branch of NAACP v. City of Dover,* 123 F.R.D. 85, 92–93 (D.Del.1988) (denying taxable costs to prevailing party in voting rights act case to the extent the claimed· expenses were inadequately documented or duplicitous). To hold otherwise would be in direct contravention to the function of Rule ·54: to provide a summary of requested taxable costs shortly after judgment is entered for "the purpose of permitting a losing party to know the extent of his obligations and decide whether or not to appeal, either to secure reversal or a settlement." *Doran v. United States,* 475 F.2d 742, 743–44 (1st Cir.1973). Consequently, failure to timely submit an affidavit or other documentation setting forth litigation expenditures with adequate· particularity is grounds for denying taxation of costs, *see, e.g., Davis v. Commercial Union Ins. Co.,* 892 F.2d 378, 385 (5th Cir.1990), or reducing the amount of costs awarded, *see generally Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) ("Where documentation ... is inadequate, the district court may reduce the award accordingly.").

In seeking to tax costs against the United States, Plaintiffs' counsel has been less than diligent in complying with governing statutes [such as 28 U.S.C. §§ 1821 and 1920], the Federal Rules of Civil Procedure, and the rules of this court. Counsel has provided no reason for his failure to file supporting documentation to his bill of costs in a timely manner. In any event, "the failure to act [by Mr. Sullivan] was the result either of a failure to understand the law, or one of those careless omissions to which everyone is subject, but which do not excuse inaction." [10] *Nichols–Morris Corp. v. Morris,* 279 F.2d 81, 83 (2d Cir.1960) (L.Hand, J.). The absence of excusable neglect is particularly true where, as is the case here, counsel has previously been sanctioned for his lack of diligence in complying with other rules and court orders. *See Johnson v. Mortham,* 950 F.Supp.

---

**10.** As has already been discussed at great length, the bill of costs form submitted by Plaintiffs' counsel included the requirement that supporting documentation also be submitted. In addition, 28 U.S.C. § 1821 mandates that receipts of all travel expenses be submitted with any request for such expenses as taxable costs. Under these circumstances, it cannot be said that Plaintiffs' counsel did not have sufficient notice of the conditions precedent to obtaining an award of taxable costs.

at 1124–26 (reducing the amount of attorneys' fees awarded to Plaintiffs by 25% because of Plaintiffs' counsel's failure to comply with the local rule governing the filing of attorney time records); Doc. 161 at 3 (Plaintiffs' counsel's failure to comply with the terms of the court's scheduling order was sanctionable misconduct). For all of these reasons, the court reaffirms the clerk's decision to limit Plaintiffs' taxable costs to $120.00, the amount of the court's filing fee.

In sum, the message conveyed by today's decision is quite simple: while "costs other than attorneys' fees shall be allowed as of course to the prevailing party," Fed.R.Civ.P. 54(d)(1), all attorneys practicing before this or any other federal court must still be aware of the rules and procedures controlling the taxation of costs. Failure to strictly comply with the time and filing requirements by parties seeking taxable costs may result in disallowance of some or all of those costs.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

(1) The supporting documentation attached to Plaintiffs' motion for reconsideration of clerk's award of taxation of costs (doc. 312) is STRICKEN as untimely submitted pursuant to Federal Rule of Civil Procedure 54(d)(1) and Northern District of Florida Local Rule 54.2.

(2) Plaintiffs' motion for reconsideration of clerk's award of taxation of costs (doc. 312) is GRANTED IN PART and DENIED IN PART. Plaintiffs' motion is GRANTED only to the extent that Plaintiffs seek taxation of costs against the United States in the amount of $120.00. Plaintiffs' motion is DENIED in all other respects.

(3) Pursuant to the court's October 29, 1996 order (doc. 300), the clerk is directed to amend the award of taxable costs to Plaintiffs (doc. 311) by deleting the language "against Defendants Corrine Brown ... Samuel L. Green, Sr." and inserting in its place the language "against defendant—intervenor United States."

*Appendix A:*

*Schedule A to Plaintiffs' Bill of Costs*

### Bill of Costs–Schedule A

Fees of the Clerk:

| | |
|---|---:|
| Clerk, U.S. District Court | $ 35.00 |
| Clerk, U.S. District Court | 120.00 |
| Clerk, U.S. District Court | 17.00 |
| Clerk, U.S. District Court | 8.50 |
| Total | $ 180.50 |

Fees for service of summons and subpoena:

| | |
|---|---:|
| B.J. Quinn | $ 105.00 |
| Dick Fischer Investigations | 23.00 |
| Professional Investigations | 32.60 |
| Total | $ 160.60 |

Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case:

| | |
|---|---:|
| W. Paul Rayborn | $ 78.75 |
| Judy A. Ellan | 210.00 |
| Accurate Reporting Service of Jacksonville | 62.50 |
| Accurate Reporting Service of Jacksonville | 367.90 |
| LeBlanc Court Reporting | 169.55 |
| Judy A. Ellan | 96.00 |
| Accurate Reporting Service of Jacksonville | 153.00 |
| Narup, Vouvakis & Associates | 226.80 |
| Total | $ 1,364.50 |

*Appendix A:  Schedule A to Plaintiffs' Bill of Costs*—CONTINUED

Fees and disbursements for printing:

| | | |
|---|---:|---:|
| Nationsbank Visa | $ | 47.87 |
| Supervisor of Elections–Duval County | | 11.34 |
| Supervisor of Elections | | .11.50 |
| Supervisor of Elections | | 13.00 |
| Supervisor of Elections | | 12.00 |
| Reddi Arts | | 138.02 |
| Department of Elections | | 8.00 |
| Supervisor of Elections | | 3.35 |
| Office of Policy Research | | 16.05 |
| G.J. Rod Sullivan, Jr.—Reimbursement | | 79.75 |
| Florida State University | | 19.35 |
| Supervisor of Elections | | 10.65 |
| Supervisor of Elections | | 4.00 |
| University of North Florida | | 25.00 |
| Reddi Arts | | 408.49 |
| Supervisor of Elections–Volusia | | 15.00 |
| AT & T Visa–Target Copy Center | | 24.49 |
| Nationsbank Visa–Target Copy Center and Kinko's | | 124.41 |
| Total | $ | 972.27 |

Fees for witnesses:

| | | |
|---|---:|---:|
| Supervisor of Elections–Duval County | $ | 45.00 |
| Supervisor of Elections–Alachua County | | 45.00 |
| Supervisor of Elections–Volusia County | | 45.00 |
| Total | $ | 135.00 |

Fees for exemplification and copies of Papers necessarily obtained for use in the case:

| | | |
|---|---:|---:|
| The Florida Senate | $ | 41.00 |
| Jason R. Parry | | 86.00 |
| Jerry Hebert | | 28.57 |
| Clerk, U.S. District Court | | 17.50 |
| G.J. Rod Sullivan, Jr. 13,739 × .25 | | 3,434.75 |
| Total | $ | 3,607.82 |

Docket fees:

Appeals:

Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828:

Other costs:

Travel:

| | | |
|---|---:|---:|
| Nationsbank Visa | $ | 60.50 |
| Nationsbank Visa | | 113.10 |
| G.J. Rod Sullivan, Jr. | | 103.60 |
| Nationsbank Visa | | 197.20 |
| G.J. Rod Sullivan, Jr.—Trial | | 38.31 |
| Nationsbank Visa | | 677.60 |
| Carol Walters | | 135.00 |
| Total | $ | 1,325.31 |

*Appendix A: Schedule A to Plaintiffs' Bill of Costs*—CONTINUED

Overnight Letters:

| | | |
|---|---|---|
| Federal Express | $ | 16.50 |
| Unishippers | | 9.25 |
| Unishippers | | 9.25 |
| Unishippers | | 16.90 |
| Unishippers | | 26.25 |
| Federal Express | | 11.50 |
| Unishippers | | 9.25 |
| Unishippers | | 18.75 |
| Unishippers | | 18.50 |
| Unishippers | | 28.00 |
| Federal Express | | 17.50 |
| Federal Express | | 20.00 |
| Unishippers | | 52.40 |
| Unishippers | | 168.60 |
| Unishippers | | 9.25 |
| Total | $ | 431.80 |
| | | |
| Long Distance Telephone and Telefaxes | $ | 1,519.30 |
| | | |
| Postage | $ | 304.43 |
| | | |
| Total Costs | | $10,001.53 |